**Affirmed and Opinion filed December 1, 2011.**



In The

# Fourteenth Court of Appeals
_____

NO. 14-10-00847-CR
_____

**TERRELL JERMAINE OWENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1237297**

## OPINION

A jury convicted appellant Terrell Jermaine Owens of possession of a controlled substance. Appellant was found to be a habitual offender and punishment was assessed at twenty-five years' imprisonment. On appeal, appellant contends that his counsel was ineffective because of a conflict of interest. Concluding that appellant showed no actual conflict of interest, we affirm.

On October 16, 2009, police officers responded to a call regarding a traffic hazard. Upon arriving, the officers found appellant sitting in the middle of the street. Appellant was unresponsive to the officers' questions, and as the officers approached, appellant began to run away. Officers suspected appellant of being under the influence of a

substance and moved to detain him. Appellant resisted arrest, and during the struggle with the officers Appellant's shorts fell off. During the inventory search of appellant's belongings at the city jail, a small bag that contained 1.3 grams of cocaine was found in appellant's shorts pocket.

On the day appellant's case was set for trial, with the jury waiting in the hall, appellant asked to speak with the trial judge. Appellant asked the judge to dismiss his court-appointed counsel because appellant had filed a grievance against his attorney with the State Bar of Texas. Appellant's attorney acknowledged that appellant had filed a complaint with the State Bar, but that the State Bar had dismissed the complaint as being "totally groundless." Appellant's attorney added that appellant had been informed of his right to appeal the State Bar's decision, that he had chosen to appeal, and that therefore he and his client were "in that sense . . . still in conflict, if you will." The trial judge denied appellant's motion to have his court-appointed counsel removed.

Appellant was convicted of the third-degree felony of possession of more than one gram but less than four grams of a controlled substance. During the punishment phase, the State introduced evidence of two prior convictions for the purpose of establishing appellant as a habitual offender. *See* TEX. PENAL CODE ANN. 12.42(d) (West 2011). Appellant was sentenced to the statutory minimum twenty-five years' imprisonment. *See id.*

In the sole issue presented, appellant alleges that his counsel was ineffective because of a conflict of interest arising from a complaint appellant filed against his attorney with the State Bar of Texas. Appellant argues that his defense counsel was representing conflicting interests—his own interest in avoiding a malpractice suit and the client's interest in receiving a fair trial—and that the conflict colored defense counsel's actions during the trial.

Ineffective assistance claims are usually analyzed under the test put forward in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984);

however, when it is asserted that the ineffective assistance derived from a conflict of interest, the proper standard is that set forth in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). *Acosta v. State*, 233 S.W.3d 349, 352–53 (Tex. Crim. App. 2007). Under the *Cuyler* test, an appellant must show that (1) his counsel was burdened by an actual conflict of interest, and (2) his counsel actually acted on behalf of those other interests during the trial. *Cuyler*, 446 U.S. at 349–50, 100 S. Ct. at 1719, 80 L. Ed. 2d 674; *Acosta*, 233 S.W.3d at 355. An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest or advancing other interests, including his own, to the detriment of his client's interests. *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). The mere possibility of a conflict, without more, will not justify reversal. *Cuyler*, 446 U.S. at 350, 100 S. Ct. at 1719, 80 L. Ed. 2d 674; *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). The Texas and United States Constitutions do not entitle a criminal defendant to appointed counsel of choice—instead, they only guarantee the defendant the right to effective assistance of counsel. *Dunn v. State*, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991).

On appeal, appellant contends that defense counsel was acting under a conflict of interest resulting from a grievance that appellant filed with the State Bar Association. However, appellant has not shown this court the nature of the complaint filed against his trial counsel. The record does not contain a copy of appellant's grievance, nor does it reveal the final disposition of any proceedings against appellant's trial counsel. Further, the record does not contain any motion to dismiss trial counsel that appellant alleges he filed with the court. The only evidence in the record regarding the complaint indicates that it was dismissed by the State Bar as being "totally groundless" and that appellant was in the process of appealing the decision.

Appellant contends that a complaint filed with the State Bar against trial counsel—even one that has been dismissed and is being appealed—creates a conflict of interest. To support this assertion, appellant relies on *Mathis v. Hood*, 937 F.2d 790 (2nd

Cir. 1991) and *Garner v. State*, 864 S.W.2d 92 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd), but his reliance is misplaced. The filing of the complaint, by itself, does not create a conflict of interest requiring the removal of counsel. *See Dunn*, 819 S.W.2d at 519 (filing of a civil action against counsel does not create a per se conflict of interest).

In *Mathis*, the Second Circuit affirmed the district court's decision, on habeas corpus, that there was an actual conflict of interest based on a disciplinary proceeding filed by the appellant against his appellate counsel. *Mathis*, 937 F.2d at 796. In that case, the appellant filed a grievance against his appointed counsel after counsel failed to file an appellate brief for over two years. *Id.* at 793. It was the combination of this delay and the grievance, not the grievance alone, that formed the basis of the conflict of interest. *See id.* at 795–96 ("The district court found that both the disciplinary proceeding filed against Mathis's attorney . . . *and* the possibility of liability for the delay he had caused created an obvious and actual conflict of interest.") (internal quotation marks omitted). In affirming, the Second Circuit noted the district court's finding that the prolonged delay meant that reversal of appellant's conviction could expose the appointed counsel to liability, whereas affirmance would have served counsel's interests in that it would have suggested that the delay, although egregious, had been harmless. *See id.* at 795. The court further noted that the disciplinary complaint in that case was well founded, but that a frivolous complaint, a complaint filed for the purpose of delay, or even one filed for the purpose of obtaining new counsel would not create a conflict of interest warranting habeas relief. *Id.* at 796.

In *Garner*, the appellant testified that he had written a letter to the bar association complaining about his trial counsel. *Garner*, 864 S.W.2d at 99. The First Court of Appeals did not decide whether the trial court had a duty to inquire further into the existence of a possible conflict because there was nothing in the record indicating the nature of appellant's complaint. *Id.* Much like in the case at hand, the only reference to the appellant's complaint in *Garner* was in recorded testimony. *Id.* In *Garner*, no officer

4

of the court represented to the trial court on the record that a conflict existed, and the First Court held that the appellant had at most demonstrated the mere possibility of a conflict of interest, which without more was insufficient to impugn a criminal conviction. *Id.*

Here, although appellant's trial counsel told the trial judge that, because of appellant's appeal of the dismissal of his complaint, they were "in that sense . . . still in conflict, if you will," it is clear that appellant's counsel did not believe an actual conflict existed. Appellant's trial counsel did not ask to be removed from the case, announced he was ready for trial, and explained that the State Bar found appellant's grievance "totally groundless" and dismissed it.

Even if there was an actual conflict of interest, appellant cannot meet the second prong of *Cuyler*. *See Cuyler*, 446 U.S. at 350, 100 S. Ct. at 1719, 80 L. Ed. 2d 674 ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance."). There is no evidence to suggest that that appellant's trial counsel acted adversely to appellant's interests. Appellant argues that defense counsel's actions were colored by counsel's own self-interest in avoiding a malpractice claim when counsel asked on the record whether appellant wanted to testify. Counsel's questions were directed at appellant while the jury was not present, and appellant has not established how such questioning conflicted with appellant's interests. *See Monreal*, 947 S.W.2d at 565 (no conflict where defendant's trial counsel put defendant on the witness stand for the sole purpose of entering into the record that counsel had advised defendant of a plea offer and the defendant had rejected it).

Appellant also argues that counsel was defending against possible malpractice when counsel sought to establish that appellant had failed to provide him with family witnesses to assist in the defense. A reading of the record, however, suggests that counsel may have been attempting to elicit sympathy from the court because appellant had no family members who could testify on his behalf. Further, the court assessed punishment at the

5

statutory minimum of 25 years' imprisonment. Appellant has again failed to demonstrate how counsel's questioning was against appellant's interest or harmed appellant in any way.

There is nothing in the record to suggest that appellant's trial counsel did not make every effort to zealously represent his client. Counsel filed multiple motions on behalf of his client, objected at appropriate times during the trial, and effectively cross examined witnesses. There is no indication that appellant's trial counsel acted subject to any interests other than appellant's; therefore, appellant has failed to establish that his appointed counsel provided ineffective assistance.

In sum, appellant has failed to meet either prong of the *Cuyler* test. *See Cuyler*, 446 U.S. at 349–50, 100 S. Ct. at 1719, 80 L. Ed. 2d 674. Appellant has not demonstrated that an actual conflict of interest existed, nor has appellant established that his counsel acted on behalf of any conflicting interests. We overrule the sole issue presented on appeal and we affirm the trial court's judgment.

/s/      Tracy Christopher
Justice

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.
Publish — TEX. R. APP. P. 47.2(b).

6