**Affirmed and Opinion filed February 23, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-11-00177-CR

---

**PHILLIPE CORTEZ HOBBS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1257195**

---

## OPINION

Phillipe Cortez Hobbs appeals his conviction for aggravated assault using a deadly weapon on a peace officer. Appellant asserts in two issues that the trial judge, who had conducted an initial informal competency inquiry, erred in failing to conduct an additional inquiry and in failing to allow appellant's retained counsel to withdraw. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon of a peace officer following an incident in which appellant, while behind

the wheel of a moving vehicle, attempted to strike the officer with the vehicle. The incident arose after uniformed law enforcement officers attempted to detain appellant following his sale of narcotics to an undercover officer. The indictment contained an enhancement from a prior felony conviction. In a second indictment appellant was charged with the offense of delivery of a controlled substance, stemming from the same incident, for which he was sentenced to fifteen years' confinement; appellant does not appeal that conviction.

A magistrate judge appointed an attorney for appellant, but appellant later retained attorney Kevin Hall to represent him. On September 2, 2010, the trial court ordered a psychiatric examination of appellant, noting that the trial court was presented with evidence that "Defendant displays symptoms of mental illness." In a subsequent psychiatric report, filed about a month later, on October 6, 2010, the attending physician indicated that appellant was receiving medication. Although the physician could have opted to recommend a formal mental health evaluation, by indicating that choice on the form, the attending physician who evaluated appellant did not select that option. At a status hearing conducted the day after the filing of the psychiatric report, appellant indicated a desire to continue to trial. The trial court admonished appellant of the charges against him, the enhancement, and the punishment range for the charged offenses. Appellant was informed that the State could offer a recommended sentence, but that if appellant proceeded to trial, the State planned to re-indict him to reflect an additional enhancement, which would impact the minimum punishment range and his potential for parole. Appellant indicated that he had changed his mind about proceeding to trial and instead wished to enter an open plea of guilty.

Appellant entered a "guilty" plea on the charged offense and pleaded "true" to the enhancement provision alleged without an agreed recommendation from the State. According to the record, appellant stated that no one promised him anything or threatened him in any way to coerce his plea. Likewise, when asked whether he understood what a jury trial was, appellant affirmed his understanding and stated that he no longer desired a

2

jury trial.  Appellant signed a waiver of constitutional rights and judicially confessed to committing the charged offenses.  As reflected in the record, appellant wrote his initials beside each of the admonishments, including the following pertinent statements:

- I am mentally competent and I understand the nature of the charge against me;
- I understand the admonishments of the trial court set out herein;
- I waive the right to have the trial court orally admonish me;
- I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea; and
- I have freely, knowingly, and voluntarily executed this statement in open court with the consent and approval of my attorney.

The record reflects that when asked by the trial judge, appellant acknowledged his satisfaction with the representation of Hall, his retained counsel.  The trial court queried Hall for his opinion as to whether appellant was competent to stand trial, and Hall stated his belief that appellant was competent.  When asked by the trial court whether appellant had ever been treated for mental illnesses or mental disease, appellant denied any such treatment.  Upon further inquiry, appellant informed the trial court that he was currently taking medication for schizophrenia and bipolar disorder.  Appellant acknowledged, when asked, that he understood everything that had occurred at the proceeding.  The trial court found appellant was competent to stand trial.

The trial court explained the range of punishment available and explained that without an agreed recommendation, appellant had no guarantee of a particular sentence.  The trial court offered appellant an opportunity to change his mind, but appellant indicated a desire to proceed with his "guilty" plea.  The trial court accepted the plea and reset the case for a sentencing hearing pending a presentence investigation.

In a letter appellant wrote to the trial court, filed November 11, 2010, appellant characterized Hall as a demon with red, glowing eyes who forced him to enter a "guilty" plea.  In the letter, appellant indicated he no longer desired Hall's representation because

3

Hall had indicated that he did not want to help appellant. In the letter, appellant claimed to need to see a doctor, made references to hearing voices, and asked the trial court to order "dem" to stop changing his medication because he was seeing things in the dark. The following week, appellant filed a pro se motion to withdraw his plea of guilty. In the motion, dated November 19, 2010, appellant claimed that his plea was not intelligent and voluntary because of his mental-health status. Appellant indicated in the motion that he was not taking his medications at the time he entered his plea and that Hall had coerced him to enter it. Appellant claimed that he never had a proper mental evaluation because he was taking different forms of medications and Hall failed to apprise the trial court that appellant was heavily medicated. The trial court did not rule on this pro se motion.

A few weeks later, on December 1, 2010, Hall filed a motion to withdraw as counsel, citing an impermissible conflict of interest resulting from a grievance filed by appellant against Hall for professional misconduct. Though the motion contained a reference to the grievance, no copy of the grievance was attached to the motion. The trial court denied the motion to withdraw and Hall filed a second motion to withdraw on January 25, 2011, claiming an impermissible conflict of interest existed because appellant and one of appellant's family members had filed grievances asserting professional misconduct against him. Although Hall did not attach copies of the grievances to the second motion, he attached copies of the State Bar of Texas's response to the grievances. One response indicated that a grievance filed by appellant's relative had been dismissed. Another response reflected that appellant had appealed a decision to the Board of Disciplinary Appeals, suggesting that appellant had received an adverse ruling on his grievance. The trial court did not rule on Hall's second motion until the sentencing hearing, at which time the trial court denied the second motion.

At the sentencing hearing on January 27, 2010, the State called an officer to testify about the events leading up to the charged offense. Appellant's wife testified at the hearing that appellant has mental health conditions, which had worsened "dramatically" since appellant's incarceration, requiring treatment or care in a mental health institution.

4

Other family members testified that appellant appeared "out of it," confused, or more distant while incarcerated and urged the trial court to place appellant in a mental health facility for treatment. Hall referred to appellant's long history untreated mental health problems and argued for a minimum sentence along with mental health programs in prison.

The trial court noted the repeated references to appellant's mental health and ruled that based on the October 2010 psychiatric report, appellant was found fit to stand trial. In reference to appellant's November 11, 2010 letter, in which he claimed Hall was a demon, the trial court noted that no mental health records or other evidence supported a claim of incompetence. The trial court made reference to a proceeding in December 2010, which is not a part of the appellate record, and noted the court's observation at that proceeding that appellant appeared lucid, ably expressed himself, and invoked his right to counsel before releasing personal information. The trial court noted that all of these observations supported a conclusion that appellant was still "perfectly on the ball" at the sentencing hearing.

The trial court found appellant guilty as charged, found the enhancement to be true, and sentenced appellant to twenty-five years' confinement. Through new counsel, appellant now appeals his conviction.

## ISSUES AND ANALYSIS

**Did the trial court abuse its discretion in failing to make an additional informal inquiry as to appellant's competency to stand trial?**

In his first issue, appellant refers to evidence that was raised after appellant entered his plea of guilty and before sentencing that he claims should have prompted the trial court's *sua sponte* duty to conduct an informal inquiry as to appellant's competency to stand trial. We review a trial court's failure to conduct a competency inquiry under an abuse-of-discretion standard. *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009); *LaHood v. State*, 171 S.W.3d 613, 617–18 (Tex. App.—Houston [14th Dist.]

5

2005, no pet.). Under this standard, a reviewing court does not substitute its judgment for that of the trial court. *Montoya*, 291 S.W.3d at 426. Rather, a reviewing court considers whether the trial court's decision was arbitrary or unreasonable. *See id.*

A person is presumed competent to stand trial and shall be found competent to stand trial unless proven incompetent by a preponderance of the evidence. Tex. Code. Crim. Proc. Ann. art. 46B.003(b) (West 2006). A defendant is incompetent to stand trial if he does not have (1) sufficient present ability to consult with his attorney with a reasonable degree of rational understanding, or (2) a rational and factual understanding of the proceedings against him. *Id.* art. 46B.003(a); *see Montoya*, 291 S.W.3d at 425; *Rodriguez v. State*, 329 S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Competency may be raised by either party or by the trial judge at any time before sentence is pronounced. *See Morris v. State*, 301 S.W.3d 281, 290 (Tex. Crim. App. 2009); *Rodriguez*, 329 S.W.3d at 78.

The duty to conduct an informal inquiry is triggered when some evidence raises a "bona fide doubt" that an accused lacks a rational and factual understanding of the proceedings against him or the ability to consult his attorney with a reasonable degree of rational understanding. *See id.* art. 46B.003(a); *id.* art. 46B.004(c) (West Supp. 2011);[1] *Montoya*, 291 S.W.3d at 425. A bona fide doubt may exist if the accused exhibits truly bizarre behavior, has a recent history of severe mental illness, or if the defendant has at least moderate mental retardation. *See Montoya*, 291 S.W.3d at 425. Evidence capable of creating a bona fide doubt about an accused's competency may come from the trial

---

[1] Article 46B.004 was amended effective September 1, 2011, to add subsection (c-1), which provides in relevant part that "the court is not required to have a bona fide doubt about the competency of a defendant." *See* Acts of May 19, 2011, 82nd Leg. R.S., ch. 822, §§ 21(a), 22, 2011 Tex. Sess. Law Serv. 1893, 1899–1900 (codified at Tex. Code Crim. Proc. Ann. art. 46B.004(c-1) (West Supp. 2011)). ("Except as provided in subsection (b) of this section, the change in law made by this Act applies only to a defendant with respect to whom any proceeding under Chapter 46B, Code of Criminal Procedure, is conducted on or after the effective date [Sept. 1, 2011] of this Act."). We do not determine the effect of this subsection to the case at hand because the subsection was not in effect at the time of appellant's hearing and neither party has suggested its application.

court's own observations, known facts, evidence presented, motions, affidavits, or any other reasonable or credible sources. *See id.*; *Brown v. State*, 129 S.W.3d 762, 765 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The evidence need not be sufficient to find an accused actually incompetent; rather, it must create "a real doubt in the judge's mind as to the defendant's competency." *See Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008). If evidence warrants a competency hearing, and the trial court denies such a hearing, the defendant is deprived of his constitutional right to a fair trial. *See Pate v. Robinson*, 383 U.S. 375, 385, 86 S. Ct. 836, 945, 15 L. Ed. 815 (1966).

Appellant takes no issue with the trial court's conduct leading up to and including appellant's voluntary plea of guilty, in which the trial court declared appellant competent. Likewise, appellant does not challenge the voluntariness of his plea. Appellant points to the following evidence, which he claims signaled a change in his mental condition since the last determination of competency, as triggering the trial court's duty to conduct an additional informal inquiry as to his competency:

- Appellant's statement at the plea hearing that he was schizophrenic, bipolar, and took medication;
- The letter filed November 11, 2010, in which appellant complained of hearing voices and having his medications changed and referring to Hall as a demon;
- A pro se motion to withdraw his plea of guilty filed with the trial court on November 19, 2010, reflecting that he was not in his right mind at the time of the plea and was off of his medications; and
- Testimony from appellant's wife at the sentencing hearing, in which the wife claimed that appellant suffered from mental health problems that needed treatment or care in a mental health institution.

Neither appellant's history of mental illness nor the fact that appellant may have been on psychiatric medication is sufficient to warrant a competency inquiry absent evidence of a present inability to communicate with his attorney or understand the proceedings. *See LaHood*, 171 S.W.3d at 619 (involving statements by an accused that he saw the lights blink, was on medication for schizophrenia, and had not taken his

7

medications during one of the proceedings, none of which was sufficient to require an inquiry of competency). A naked assertion of incompetency is not sufficient without supporting evidence to trigger an inquiry. *See id.* at 618. Likewise, appellant's statements at the plea hearing about his medication and mental illness, which were responsive and articulate, do not reflect an inability to consult with his attorney or a lack of understanding of the proceedings against him. *See id.* at 619; *see also* Tex. Code. Crim. Proc. Ann. art. 46B.003(a). Rather, these statements suggest appellant understood the proceedings and had been able to consult and communicate with counsel about his case.

Testimony from appellant's relatives who testified on appellant's behalf suggested that appellant always had been distant, but had become more distant and sometimes confused since his incarceration. None of those family members who offered evidence about appellant's condition testified to any bizarre behavior, a recent history of severe mental illness, or moderate mental retardation. *See Montoya*, 291 S.W.3d at 425.

Arguably, the only evidence from which appellant's behavior could be construed as bizarre comes from the post-plea letter that appellant wrote to the trial judge in November 2010, in which appellant characterized his attorney as a demon who wanted to possess appellant's soul and who had coerced appellant's "guilty" plea. This evidence, however, is insufficient to show that at sentencing on January 27, 2010, appellant lacked sufficient present ability to consult with his attorney or lacked a rational and factual understanding of the proceedings against him. *See id.* art. 46B.003(a); *Kostura v. State*, 292 S.W.3d 744, 747–48 (Tex. App.—Houston [14th Dist.], 2009, no pet.) (involving evidence that schizophrenic accused exhibited bizarre behavior that was not recent, but that accused gave lucid trial testimony, demonstrating him to be communicative and capable of understanding the proceedings); *see also Grider v. State*, 69 S.W.3d 681, 685 (Tex. App.—Texarkana 2002, no pet.) (holding evidence that accused was schizophrenic, taking medication, hearing voices, and seeing things was insufficient evidence that accused lacked ability to consult with lawyer or understand proceedings); *Lingerfelt v.*

*State*, 629 S.W.2d 216, 217 (Tex. App.—Dallas 1982, pet. ref'd) (concluding schizophrenic diagnosis and testimony that appellant did not know right from wrong was insufficient to demonstrate incompetency).

The record reflects the trial court's observations that appellant was "on the ball" at the sentencing hearing and also appeared to have a sufficient understanding of the proceedings. *See Montoya*, 291 S.W.3d at 426 (concluding that reviewing court should defer to trial court's decision based on observations the accused at the plea hearing appeared to understand the proceedings); *LaHood*, 171 S.W.3d at 619. The record, taken as a whole, shows that appellant understood the proceedings as well as the trial court's statements and does not reflect that appellant lacked the ability to communicate with his attorney. *See LaHood*, 171 S.W.3d at 619. The evidence to which appellant refers is insufficient to raise a bona fide doubt as to appellant's competency.[2] The trial court's decision to forego an additional inquiry into appellant's competency before sentencing fell within the zone of reasonable disagreement.[3] *See LaHood*, 171 S.W.3d at 619. We overrule appellant's first issue.

**Did the trial court abuse its discretion in refusing to permit appellant's retained attorney to withdraw as counsel?**

In his second issue, appellant claims the trial court erred in refusing to allow appellant's retained trial counsel to withdraw and in failing to hold a hearing on his counsel's two motions to withdraw, both of which were based on allegedly impermissible conflicts of interest. The trial court is vested with the discretion to determine whether

---

[2] Appellant cites *Greene v. State* for factual support. *See* 225 S.W.3d 324, 328 (Tex. App.—San Antonio 2007, no pet.) (involving a schizophrenic defendant with a long history of mental illness who testified to hearing voices, which should have alerted the trial judge of the possibility of incompetency). The court in *Greene* held that a competency inquiry was triggered by less proof than required; however, under the law applicable at the time of appellant's proceeding, the Texas Court of Criminal Appeals had abrogated *Greene*, reaffirming the propriety of the "bona fide doubt" standard. *See Montoya*, 291 S.W.3d at 423 (abrogating *Greene*); *see also Kostura v. State*, 292 S.W.3d 744, 747–48 (Tex. App.—Houston [14th Dist.], 2009, no pet.) (recognizing abrogation).

[3] We need not and do not consider appellant's argument that his due-process rights and right to a fair trial were violated by the trial court's decision not to pursue an additional informal inquiry.

retained counsel should be allowed to withdraw from a case. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). A reviewing court should uphold the trial court's ruling if the ruling falls within the zone of reasonable disagreement. *See Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex. Crim. App. 2003). But, if a trial court unreasonably or arbitrarily interferes with an accused's right to choose counsel, its actions rise to the level of a constitutional violations. *Id.* at 837.

In the first motion to withdraw, filed December 1, 2010, Hall cited an impermissible conflict of interest based on a grievance filed against Hall for alleged professional misconduct. Because no copy of the grievance is contained in the record, we are unable to ascertain the specific allegations underlying that grievance. *See McKinny v. State*, 76 S.W.3d 463, 478 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (concluding that a grievance that is not contained in the record does not support a conflict of interest). Consequently, at most, appellant has shown the mere possibility of a conflict of interest, which is insufficient to warrant disqualification of counsel. *See id.*; *see also Owens v. State*, No. 14-10-00847-CR, 2011 WL 5999010, at *2 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, pet. ref'd).

In Hall's second motion to withdraw, filed January 25, 2011, Hall, again citing an impermissible conflict of interest, attached two documents from the State Bar of Texas, both of which suggest that the grievances lacked merit. Allegations of one or more violations of the disciplinary rules or evidence suggesting a possible future violation are not sufficient grounds for disqualification of counsel. *See Gonzalez*, 117 S.W.3d at 837. Likewise, personality conflicts and disagreements as to trial strategy generally are not valid grounds for withdrawal of counsel. *King*, 29 S.W.3d at 566. To the extent that appellant claims the trial court erred in not conducting hearings on these motions, the mere possibility of a conflict of interest is not sufficient to require a hearing on a motion to withdraw. *Warren v. State*, 98 S.W.3d 739, 744 (Tex. App.—Waco 2003, pet. ref'd). Given the deficits in the motions to withdraw, we find no error in the court's failure to conduct a hearing.

Additionally, the right to counsel of one's choice is balanced with the trial court's need for prompt, orderly, effective, and efficient administration of justice.  *See Gonzalez*, 117 S.W.3d at 836–37.  Appellant's sentencing hearing was originally set for December 14, 2010, and apparently reset on that date; Hall filed his first motion to withdraw fourteen days before that scheduled December proceeding.  Hall filed the second motion to withdraw a few days before the sentencing hearing; at that point, substitution of counsel would have necessitated a delay in the sentencing proceeding.  Given the pendency of the scheduled proceedings, respectively set two weeks and two days after each of the motions to withdraw were filed, the trial court acted within its discretion in denying the motions.  *See King*, 29 S.W.3d at 566 (concluding trial court did not abuse its discretion in denying motion to withdraw two weeks before scheduled jury selection); *Green v. State*, 840 S.W.2d 394, 408 (Tex. Crim. App. 1992) (noting that case had been reset once and concluding that trial court did not abuse its discretion in denying retained counsel's motion to withdraw just over one month away from trial setting), *overruled on other grounds by*, *Trevino v. State*, 991 S.W.2d 849 (Tex. Crim. App. 1999).  Finding no abuse of discretion, we overrule appellant's second issue.

Having overruled each of appellant's issues, we affirm the trial court's judgment.


/s/      Kem Thompson Frost
Justice


Panel consists of Justices Frost, Brown, and Christopher.

Publish — Tex. R. App. P. 47.2(b).

11