**Opinion issued October 11, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-12-00124-CR, 01-12-00125-CR

————————————

### MICHAEL BILL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st Judicial District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1199463 & 1301605**

---

**MEMORANDUM OPINION**

Appellant, Michael Bill, without an agreed punishment recommendation

from the State, pleaded guilty to the offenses of sexual assault of a child[1] and

---

[1]    *See* TEX. PENAL CODE ANN. § 22.011 (Vernon 2011); trial cause no. 1199463;
appellate cause no. 01–12–00124–CR.

aggravated sexual assault of a child.[2]  The trial court assessed his punishment at confinement for twenty years for the sexual assault offense and life for the aggravated sexual assault offense, with the sentences to run consecutively.  In his sole issue, appellant contends that the trial court erred in not conducting, sua sponte, an informal inquiry into his competency.

We affirm.

## Background

A Harris County Grand Jury issued two true bills of indictment, accusing appellant of committing the offenses of sexual assault of a child on June 20, 2008 and aggravated sexual assault of a child on January 8, 2009.  In his plea documents entered in both cases, appellant stated that he understood the allegations, was satisfied with his attorney's representation, and had fully discussed the cases with his attorney.  Appellant's attorney signed the plea documents, representing that he believed that appellant was "competent to stand trial" and appellant entered his pleas knowingly and voluntarily.  Appellant's attorney also represented that he had fully discussed the cases with appellant.  The trial court, in signing the plea documents, stated that it had ascertained that appellant entered the pleas knowingly

---

[2]      *See id.* § 22.021 (Vernon Supp. 2012); trial cause no. 1301605; appellate cause no. 01–12–00125–CR.

and voluntarily, discussed the pleas with his attorney, and appeared "mentally competent."

Appellant also signed written admonishments, representing that he was mentally competent and understood the accusations and nature of the proceedings. Appellant, by signing the admonishments, further agreed that he was freely and voluntarily pleading guilty to the accusations and understood the admonishments and consequences of his pleas. At the hearing in which he entered his guilty pleas, appellant stated that he had never been declared insane, mentally incompetent, or mentally ill. Appellant's attorney also stated on the record during the hearing that appellant was of sound mind and competent to enter his pleas.

Pursuant to appellant's request, following the plea hearing, a pre-sentence investigation ("PSI") report was prepared. The PSI report, which the trial court admitted into evidence, stated that appellant had reported that he had never sought or received a psychiatric or psychological evaluation or any such counseling or treatment. In a mental health questionnaire attached to the PSI report, appellant stated that he was not undergoing current mental health treatment and had not undergone previous mental health treatment. Appellant also stated that he had no history of psychiatric hospitalizations or hallucinations. Nor did he have any family history of mental illness. Appellant further stated that he would not benefit from the receipt of mental health services.

3

A forensic psychiatric evaluation report authored by Dr. Mark Moeller was attached to the PSI report. In his report, Dr. Moeller stated that he was asked to perform an evaluation of appellant by appellant's attorney "for the purpose of defense mitigation." In the report, Dr. Moeller noted that after explaining the evaluation to appellant, appellant stated that he understood the purpose of the evaluation, and he agreed to proceed. In a section of his report entitled "Mental Status Examination," Dr. Moeller stated that he had evaluated appellant for two hours. Dr. Moeller noted that although appellant was "disheveled and poorly groomed," he was "fairly articulate" and there "were no communication difficulties." Appellant "made poor eye contact and appeared depressed," but he "denied having any hallucinations," and he was "not delusional." Appellant did report that he had "occasional nightmares and intrusive recollections" concerning relatives that had been killed in front of him when he lived in Africa. But he "denied ever being suicidal or homicidal," and his "fund of knowledge was intact and his insight and understanding about his legal situation was intact."

In the summary section of his report, Dr. Moeller noted that appellant had been "born and raised in a chaotic and dangerous environment" and had "suffered extreme deprivation most of his life." He further noted that appellant "suffers with aspects of PTSD (Post-Traumatic Stress Disorder) caused by near-death experiences in war-torn Africa," from where appellant had immigrated. Dr.

4

Moeller diagnosed appellant with "PTSD (Post-Traumatic Stress Disorder)-chronic."

In its judgments, the trial court again recited that appellant appeared competent, entered his pleas freely and voluntarily, and was aware of the consequences of his pleas.

## Competency

In his sole issue, appellant argues that the trial court erred in not conducting, sua sponte, an informal inquiry into his competency because his competency "was called into question by the PSI report." Appellant asserts that it is "self evident that post-traumatic stress disorder" is "evidence of severe mental illness."

We review a complaint that a trial court erred in not conducting an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *Hobbs v. State*, 359 S.W.3d 919, 924 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426.

A defendant is presumed competent to stand trial, and he shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (Vernon Supp. 2012). A defendant is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a

5

rational and factual understanding of the proceedings against him. *Id*. art. 46B.003(a); *see Montoya*, 291 S.W.3d at 425. Either party may suggest by motion, or the trial court may suggest on its own motion, that a defendant may be incompetent to stand trial. *Id*. art. 46B.004(a) (Vernon Supp. 2012). On suggestion that the defendant may be incompetent to stand trial, the trial court shall determine by "informal inquiry" whether there is "some evidence" from any source that would support a finding that the defendant may be incompetent to stand trial. *Id*. art. 46B.004(c) (Vernon 2007).[3]

---

[3]    We note that article 46B.004 was amended, effective September 1, 2011, to add subsection (c–1), which provides, in relevant part, that "A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. . . ." *See* Acts of May 19, 2011, 82nd Leg., R.S., ch. 822, §§ 21(a), 22, 2011 Tex. Sess. Law Serv. 1893, 1899–1900 (codified at TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-l) (Vernon Supp. 2012)) ("Except as provided in subsection (b) of this section, the change in law made by this Act applies only to a defendant with respect to whom any proceeding under Chapter 46B, Code of Criminal Procedure, is conducted on or after the effective date [Sept. 1, 2011] of this Act."). Prior to this amendment, Texas appellate courts had held that trial courts should conduct an informal inquiry to determine if there is evidence that would support a finding of incompetence if they had "a bona fide doubt about the competency of the defendant." *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). Appellate courts had further explained that a bona fide doubt may exist if a defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation. *Id*. Both the State and appellant cite us to the bona fide doubt standard, and cases discussing that standard, as relevant to our analysis in determining if the trial court erred in not conducting an informal inquiry.

6

There is nothing in the record before us to suggest that the trial court erred in not conducting an informal inquiry into the issue of appellant's competency. Specifically, there is nothing in the record before us suggesting that appellant lacked "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against [him]." *Id*. art. 46B.003(a). In fact, the record before us indicates that appellant was competent to enter his pleas prior to the trial court's sentencing. Appellant's plea documents and admonishments reflect that he and his attorney both represented that he was competent at the time he entered his pleas. Moreover, the trial court found that appellant was competent and had entered his pleas voluntarily. The reporter's records from both the plea and sentencing hearings do not contain any suggestion that appellant lacked the ability to consult with his lawyer with a rational understanding or he lacked a rational and factual understanding of the proceedings against him. Rather, the records reveal that appellant appropriately responded to the trial court's and his counsel's questioning during the proceedings. There is also no suggestion that appellant engaged in abnormal or bizarre behavior during either hearing. Additionally, during these proceedings, appellant's attorney never complained that he could not effectively communicate with appellant.

Contrary to appellant's arguments, the fact that Dr. Moller diagnosed appellant with PTSD did not, in itself, impose a duty upon the trial court to conduct an informal inquiry. Although Dr. Moeller diagnosed appellant with PTSD, he did not make any comments or suggestions that this diagnosis suggested incompetency, as that term is defined. *See id.* art. 46B.003(a). Dr. Moeller's other statements throughout his report demonstrate that appellant was competent. Dr. Moeller noted, among other things, that appellant was "fairly articulate" and there "were no communication difficulties." Although appellant "appeared depressed," Dr. Moeller stated that appellant was "not delusional" and his "fund of knowledge was intact and his insight and understanding about his legal situation was intact." *See Montoya*, 291 S.W.3d at 425 ("We have held that instances of depression are not an indication of incompetency and that past mental-health issues raise the issue of incompetency only if there is evidence of recent severe mental illness, at least moderate retardation, or bizarre acts by the defendant."); *Brown v. State*, No. 12-05-00237-CR, 2006 WL 1917735, at *1–2 (Tex. App.—Tyler July 12, 2006, no pet.) (mem. op.) (not designated for publication) (holding that defendant's testimony that he suffered from depression did not require trial court to conduct informal inquiry into defendant's competency, and noting that trial court had "ample opportunity to see and hear [defendant] as he testified" and defendant "did not engage in any outbursts or display any unusual thought patterns").

Accordingly, we hold that the trial court did not abuse its discretion in not conducting an informal inquiry into appellant's competency.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

9