# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00286-CR

**Sterling Jones, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-06-302206, HONORABLE CLIFFORD BROWN, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Sterling Jones pleaded guilty to the crime of attempted arson. After the district court accepted the plea, Jones was sentenced to 5 years' imprisonment but was placed on community supervision. A few years later, the State moved to revoke Jones's community supervision. After convening a hearing, the district court revoked his community supervision and sentenced him to 3 years' imprisonment. In a single issue on appeal, Jones contends that the district court abused its discretion by failing to sua sponte conduct an inquiry concerning his competency before revoking his community supervision.

Under the Code of Criminal Procedure, a trial court "may suggest on its own motion, that the defendant may be incompetent to stand trial." Tex. Code Crim. Proc. art. 46B.004(a). "A suggestion of incompetency is the threshold requirement for an informal inquiry . . . and may consist solely of a representation from any credible source that the defendant may be incompetent." *Id.*

art. 46B.004(c-1).  "Evidence suggesting the need for an informal inquiry may be based on" factors described by the Code of Criminal Procedure "or on any other indication that the defendant is incompetent within the meaning" established by the Code.  *Id.*; *see id.* arts. 46B.003 (setting out standard for incompetency), .024 (listing factors for consideration).  Under the Code:

> (a) A person is incompetent to stand trial if the person does not have:
>
>> (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or
>>
>> (2) a rational as well as factual understanding of the proceedings against the person.

*Id.* art. 46B.003(a).  Appellate courts review a trial court's decision to not conduct a competency inquiry under an abuse-of-discretion standard.  *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner v. State*, No. AP-76,580, 2013 Tex. Crim. App. LEXIS 1592, at *41 (Tex. Crim. App. Oct. 30, 2013).

As support for his claim that the district court erred, Jones relies on a report prepared by a psychiatrist two years before the revocation hearing stating that Jones was schizophrenic and was not competent to participate in a prior revocation proceeding.  In addition to this report, Jones also refers to testimony from two employees from the Bexar County Probation Department explaining that Jones was on the mental health caseload and describing his mental health during his probation.  Jones also contends that his testimony during the revocation hearing demonstrated his incompetency.  Specifically, in his brief, Jones described his testimony as "providing rambling, paranoid accounts of alleged persecution and making bizarre, illogical remarks."  Further, Jones

2

notes that when the district court revoked his probation, it commented that "it is very unfortunate the medical condition that Mr. Jones finds himself in periodically and certainly seemingly now."

However, during the hearing, there was no evidence establishing that Jones did not have the present ability to consult with his lawyer with a reasonable degree of rationality. Although his lawyer stated in his closing that Jones's medical condition made it difficult for him to comply with the conditions of his community supervision, his lawyer made no statement to the district court that he had difficulty communicating with his client regarding the revocation proceeding. *See Hobbs v. State*, 359 S.W.3d 919, 925 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (explaining that history of mental illness does not warrant competency inquiry in absence of evidence showing that individual has current inability to communicate with his lawyer).

Regarding Jones's understanding of the proceedings, the record shows that Jones was aware of the nature of the proceedings and of the consequences if his revocation was revoked. In his testimony, Jones explained that he understood that he was on community supervision for his conviction for attempted arson and that he comprehended the conditions of his community supervision. Further, he acknowledged that he had violated those conditions and that the proceeding was being held due to those violations. In addition, the record also demonstrates that Jones understood that if the district court revoked his community supervision, he would go to prison and that Jones communicated his desire to not go to prison. Jones also communicated his desire to appeal the district court's revocation. Moreover, although Jones often provided lengthy answers to the questions posed and would change topics during his testimony to discuss threats made to him by various authority figures, Jones did answer the questions asked by the State and by his attorney. *See*

3

*Pitonyak v. State*, 253 S.W.3d 834, 857 (Tex. App.—Austin 2008, pet. ref'd) (noting that defendant articulately testified when analyzing his competency).

Based on this record, we cannot conclude that the district court abused its discretion by not performing an inquiry regarding Jones's competency or ordering an evaluation of his competency. Accordingly, we overrule Jones's sole issue on appeal.

Having overruled Jones's sole issue on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed:   March 11, 2014

Do Not Publish

4