# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00202-CR**
**NO. 09-18-00203-CR**

_____

**RACHEL ANN PREVOST, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause Nos. B180068-R & B180071-R**

## MEMORANDUM OPINION

Rachel Ann Prevost pleaded guilty to continuous sexual abuse of a child younger than fourteen years of age, and the trial court assessed punishment at thirty-five years of confinement. *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2018).[1]

---

[1] We cite the current version of statutes herein because subsequent amendments do not affect our analysis.

In a single issue in both causes, Prevost challenges the trial court's denial of her motion for a competency examination. We affirm.

## Background

A grand jury indicted Prevost for continuous sexual abuse of a child younger than fourteen years of age, for conduct occurring from on or about November 22, 2012 through September 1, 2013. Prior to trial, Prevost filed a Motion to Examine the Defendant Regarding Competency and Sanity, and the trial court set a hearing on the motion. At the hearing, defense counsel argued as follows:

> Your Honor, I've visited with Rachel several times -- I would say four or five times -- at the jail. I don't think she understands the -- the severity of the nature of what -- what's going on with her case, the ramifications of it and the ramifications of what she's allegedly done and, you know, consider -- as I said, consider the severity of it. I would like to have a doctor, be it Gripon or whoever, substantiate the fact that she understands the nature of the consequences of her actions when they occur and she understands what's going on in the courtroom. . . . I think she needs to have -- be checked by a psychiatrist . . .

In denying the motion from the bench, the trial court explained "I just don't hear any evidence she's incompetent." At the same hearing, the trial court explained to Prevost the consequences of pleading guilty and waiving a jury trial and asked whether she understood, and she indicated that she did.

2

Thereafter, Prevost pleaded guilty in both cause numbers. After a presentencing report was prepared, the trial court held a hearing on sentencing and assessed punishment at thirty-five years of confinement.

Issue

In a single issue, Prevost argues that the trial court failed to follow statutory requirements "when it disregarded defense counsel's representation of incompetency and failed to proceed with an informal inquiry[.]" According to Prevost, "instead of holding an informal inquiry, the trial court instead found that there was no evidence, halted any further steps toward determining competency, and then denied the motion for a psychiatric evaluation." *See* Tex. Code Crim. Proc. Ann. art. 46B.004(b), (c) (West 2018). Prevost argues that the trial court was required by statute to consider her attorney's representation of incompetency as sufficient grounds to find a suggestion of incompetency and then hold an informal inquiry. *See id.* Prevost further argues that "[h]ad the trial court correctly followed the statute," she would have been entitled to an informal inquiry and psychiatric evaluation.

Analysis

We review challenges to the adequacy of a trial court's informal competency inquiry for an abuse of discretion. *See George v. State*, 446 S.W.3d 490, 499 (Tex.

3

App.—Houston [1st Dist.] 2014, pet. ref'd). Under this standard, we do not substitute our judgment for that of the trial court, but we determine whether the trial court's decision was arbitrary or unreasonable. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds*, Tex. Code Crim. Proc. Ann. art. 46B.004(c-1) (West 2018), *as stated in Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013).

A criminal defendant who is incompetent may not stand trial without violating due process. *See Turner*, 422 S.W.3d at 688. The Legislature has codified the constitutional due-process requirement and the statute includes a framework for making competency determinations to ensure that legally incompetent criminal defendants do not stand trial. *See* Tex. Code Crim. Proc. arts. 46B.003, 46B.004, 46B.005 (West 2018). Incompetency to stand trial is shown if the defendant does not have: "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." *Id.* art. 46B.003(a).

A trial court employs two steps for making competency determinations before it may ultimately conclude that a defendant is incompetent to stand trial. *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). The first step is an informal inquiry, and the second step is a formal competency trial. *Id.* An informal inquiry is

4

called for upon a "'suggestion'" from any credible source that the defendant may be incompetent. *Id.* (citing Tex. Code Crim. Proc. Ann. art. 46B.004(a), (c), (c-1)). To move to the next step, a formal inquiry, there must be "'some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.'" *Id.* (citing Tex. Code Crim. Proc. Ann. art. 46B.004(c)).

The "suggestion" of incompetency required to trigger the mandatory informal inquiry can be made by either party or the trial court may sua sponte suggest that a defendant may be incompetent to stand trial. Tex. Code of Crim. Proc. Ann. art. 46B.004(a). A suggestion of incompetence "may consist solely of a representation from any credible source." *Id.* art. 46B.004(c-1). "A further evidentiary showing is not required to initiate the inquiry, and [a] court is not required to have a bona fide doubt about the competency of [a] defendant." *Id*; *see also Turner*, 422 S.W.3d at 691-92 (explaining that the Legislature rejected the bona fide doubt standard when it amended Article 46B.004).

The Court of Criminal Appeals recently examined the application of the two-step process in *Boyett*, explaining that during the informal inquiry, if "some evidence" of incompetency is presented, then the trial court must order a psychiatric or psychological competency examination, and except for certain exceptions, it must

then hold a formal competency hearing. *Boyett*, 545 S.W.3d at 563 (citing Tex. Code Crim. Proc. Ann. arts. 46B.005(a), (b), 46B.021(b)).

During the informal inquiry, the trial court is not required to follow a specific protocol. *George*, 446 S.W.3d at 501. As suggested by its title, an "informal inquiry" is just that—informal. No specific formal procedure must be followed by the trial court in making the informal inquiry. *Id*. During the informal inquiry, a court should focus on whether there is "some evidence" of incompetency to stand trial. *Boyett*, 545 S.W.3d at 563 (citing Tex. Code Crim. Proc. Ann. art. 46B.004(c)). The statute reads as follows: "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." Tex. Code Crim. Proc. Ann. art. 46B.004(c).

The statutory "'some evidence'" standard requires "'more than none or a scintilla'" of evidence that "'rationally may lead to a conclusion of incompetency.'" *Boyett*, 545 S.W.3d at 564 (quoting *Turner*, 422 S.W.3d at 692). However, a mere allegation by defense counsel that a defendant may be incompetent or that she may not understand the ramifications of what she has done, does not by itself warrant a formal competency examination. *See Hobbs v. State*, 359 S.W.3d 919, 925 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("A naked assertion of incompetency is

6

not sufficient without supporting evidence to trigger an inquiry.") (citing *LaHood v. State*, 171 S.W.3d 613, 618 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)).

During the informal inquiry, a trial court must consider only evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency. *Boyett*, 545 S.W.3d at 564. Accordingly, at the informal inquiry stage, "'the standard for requiring a formal competency trial is not a particularly onerous one—whether putting aside the evidence of competency, there is more than a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial.'" *Id.* at 564 (quoting *Turner*, 422 S.W.3d at 696).

Some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense. *Id.* There must be "'*some* evidence from which it may rationally be inferred *not only* 1) that the defendant suffers some degree of debilitating mental illness, and that 2) he obstinately refuses to cooperate with counsel to his own apparent detriment, *but also* that 3) his mental illness is what fuels his obstinacy.'" *Id.* (quoting *Turner*, 422 S.W.3d at 696) (emphasis original). Thus, it is not enough to present evidence of either a defendant's mental illness alone or refusal to cooperate with counsel—rather, there must be some evidence indicating that the defendant's refusal to rationally engage with counsel is caused by mental illness. *Id.*

7

Prevost alleges that the trial court failed to conduct an informal inquiry. We disagree. Prevost filed a Motion to Examine the Defendant Regarding Competency and Sanity, which included no specific factual assertions and was not supported by an affidavit. *See* Tex. Code Crim. Proc. art. 46B.004(a) ("A motion suggesting that the defendant may be incompetent to stand trial may be supported by affidavits setting out the facts on which the suggestion is made."). After the motion was filed, the trial court held a hearing on the motion. At the hearing on the motion, the trial court allowed the defense attorney to present the motion and then noted on the record "I just don't hear any evidence she's incompetent." The trial court also observed the defendant at the hearing and asked the defendant questions at the hearing.

On the record before us, we conclude that the trial court conducted an informal inquiry, and we cannot say the trial court abused its discretion in concluding that there was no evidence of incompetency and in finding that no further formal competency hearing was required.

We overrule Prevost's sole issue and affirm the judgments of the trial court.

AFFIRMED.

       _____
       LEANNE JOHNSON
       Justice

8

Submitted on January 24, 2019
Opinion Delivered March 6, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.