**Affirmed as Modified and Opinion Filed April 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01266-CR

## ALIREZA DJANGHUR AZIZI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F-1100270-J**

## MEMORANDUM OPINION

Before Justices Fillmore and Schenck[1] and Chief Justice Thomas, Retired[2]
Opinion by Chief Justice Thomas, Retired

This is an appeal from the trial court's judgment revoking Alireza Djanghur Azizi's community supervision and adjudicating him guilty of aggravated assault with a deadly weapon. In two issues, Azizi asserts the trial court erred in failing to conduct an informal inquiry into his competency and admitting into evidence an improperly authenticated photograph. In a third issue, Azizi asserts the trial court's judgment should be modified to accurately reflect his plea to the State's motion and the trial court's findings. We affirm as modified.

---

[1] Justice David Schenck succeeds Justice Michael O'Neill, a member of the original panel. Justice Schenck has reviewed the briefs and record in this case. *See* TEX. R. APP. P. 41.1(a).

[2] The Honorable Linda Thomas, Chief Justice of the Court of Appeals for the Fifth District of Texas—Dallas, Retired, sitting by assignment.

## BACKGROUND

The State moved to revoke Azizi's community supervision and proceed with adjudication of guilt after Azizi was arrested for criminal trespass, choking his girlfriend, and sexually assaulting her twice. The State asserted Azizi committed these offenses in violation of condition (a) of the "Conditions of Community Supervision." The State further asserted Azizi violated condition (g) by traveling outside Dallas County without approval from his supervising officer or the trial court; condition (h) by failing to pay his court costs; condition (k) by failing to pay the Crime Stoppers fee; condition (l) by failing to work his community service hours; and condition (n) by failing to pay a urinalysis fee. The State subsequently struck the last three allegations, and Azizi pleaded true to the allegations that he violated conditions (g) and (h). The remaining allegations were tried to the court. Following testimony from Azizi's girlfriend and others, the trial court found Azizi violated conditions (g) and (h). The trial court also found Aziz violated condition (a) by committing the offenses of sexual assault and family violence–impeding breathing. The court revoked Azizi's community supervision, adjudicated his guilt, and sentenced him to ten years' imprisonment.

## INFORMAL COMPETENCY INQUIRY

Azizi's first issue, concerning his competency to stand trial, stems from the following exchange between the trial court and defense counsel:

THE COURT: Do you believe your client is competent?

[DEFENSE COUNSEL]: Judge, if I may – sorry to give you a qualified answer. I don't know if you've had a chance to look. We've had him evaluated competency-wise, and the recommendations from Ms. Compton, Dr. Compton, is that my client has a severe mental disease, schizo[a]ffective disorder and bipolar. So, in essence, he's got severe mental issues.

THE COURT: Well, first question is –

[DEFENSE COUNSEL]: The expert says yes.

–2–

THE COURT: Okay. That's all I need from you.

[DEFENSE COUNSEL]: You asked me if I think he's competent, and I'm not sure because I'm not a doctor. The doctor that examined him said he has severe issues, but in her opinion –

THE COURT: Okay. So just so that we're clear, your client has been examined by a doctor, a competent psychiatrist - psychologist? I guess psychologist?

[DEFENSE COUNSEL]: She is a - she is a Ph.D, Judge; I'm not sure what Dr. Compton is.

THE COURT: Has been evaluated by a competent doctor, and her indication is that your client is competent to proceed.

Azizi contends counsel's statement that he was "not sure" whether Azizi was competent and his "concern over [Azizi's] 'severe mental issues'" amounted to a suggestion of incompetency requiring the trial court to determine, by informal inquiry, whether some evidence existed supporting a finding Azizi might have "los[t] legal competency" after being evaluated by Compton. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c) (West Supp. 2014). The State responds counsel's statements did not amount to a suggestion of incompetency, and the trial court was not required to inquire into Azizi's competency. We agree with the State.

A defendant is incompetent to stand trial if he lacks (1) a sufficient present ability to consult with his attorney with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. *Id.* art. 46B.003(a) (West 2006); *Luna v. State*, 268 S.W.3d 594, 598 (Tex. Crim. App. 2008). The State, defendant, or the trial court may suggest the defendant is incompetent to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(a); *Luna*, 268 S.W.3d at 598. On suggestion the defendant may be incompetent, the court must conduct an informal inquiry to determine whether some evidence exists supporting an incompetency finding. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c); *Luna*, 268 S.W.3d. 599. A suggestion of incompetency is the threshold requirement for an informal inquiry and may consist solely of a representation from any credible source that the defendant may be incompetent. TEX.

–3–

CODE CRIM. PROC. ANN. art. 46B.004(c-1). Evidence suggesting the need for an informal inquiry may be based on observations the defendant is unable to

- •understand the charges against him and the potential consequences of the pending proceedings;

- •disclose to counsel pertinent facts, events, and states of mind;

- •engage in reasoned choice of legal strategies and options;

- •understand the adversarial nature of criminal proceedings;

- •exhibit appropriate courtroom behavior; and,

- •testify.

*See id.* art. 46B.004(c-1), 46B.024(1). It may also be based on the effect any identified mental condition and any prescribed medication has on the defendant's appearance, demeanor, ability to participate in trial, and capacity to engage with counsel in a rational and reasonable manner. *See id.* art.46B.024(2)-(5). A defendant is presumed to be competent, and the trial court's determination not to conduct an informal competency inquiry will not be disturbed on appeal absent an abuse of discretion, that is, absent a showing the decision was arbitrary and unreasonable. *See id.* art. 46B.003(b); *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner v. State*, 422 S.W.3d 676, 692 n.31 (Tex. Crim. App. 2013).

The record here reflects the trial court signed an order, six weeks before the revocation hearing, directing Dr. Kristi Compton to examine Azizi to determine his competency to stand trial. Dr. Compton's report is not included in the record, but defense counsel acknowledged that despite a finding that Azizi had "severe mental issues," Dr. Compton found him competent. Additionally, the record reflects defense counsel signed plea papers before the revocation hearing stating he believed Azizi was competent. Although defense counsel subsequently stated to the trial court that he was not sure Azizi was competent, counsel did not offer any explanation

–4–

why he thought Azizi might be incompetent, any evidence showing Azizi's mental status had materially changed since his evaluation by Dr. Compton, or any evidence showing what impact Azizi's "mental issues" had on Azizi. We conclude, on the record before us, counsel's "qualified answer" did not constitute a suggestion of incompetency, and the trial court did not abuse its discretion in failing to conduct an informal competency inquiry. *See*, *e.g.*, *Hobbs v. State*, 359 S.W.3d 919, 925 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (history of mental illness and being on psychiatric medications insufficient to warrant competency inquiry absent evidence of present inability to communicate with counsel or understand proceedings); *Miles v. State*, 688 S.W.2d 219, 224 (Tex. App.—El Paso 1985, pet. ref'd) (concluding once competency finding is made, some evidence of subsequent change in mental condition required to warrant new competency determination). We resolve Azizi's first issue against him.

## ADMISSION OF PHOTOGRAPH

In his second issue, Azizi complains of the admission of a sexually explicit picture of his girlfriend offered through the testimony of the arresting officer. The picture, found on a cell phone Azizi had in his possession at the time of his arrest, depicted one of two ways in which Azizi's girlfriend testified he assaulted her. Although the girlfriend testified she thought Azizi had taken a picture with a cell phone during the assault and the police had the picture, the picture the officer sponsored was not dated, and the officer could not confirm it was taken during the assault. Defense counsel objected on "predicate" grounds, but the trial court overruled the objection. Azizi now asserts the court's ruling was improper and the judgment should be reversed. *See Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988) (predicate for introduction of picture requires proof picture (1) accurately represents subject at given time and (2) is material to disputed issue). The State responds that any error in admitting the picture was harmless. Again, we agree with the State.

We disregard error in the admission of evidence unless the error affected the appellant's substantial rights. *See Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Generally, no harm results from the erroneous admission of evidence where other similar evidence was received without objection either before or after the complained-of ruling. *See Coble*, 330 S.W.3d at 282 (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)).

Here, as stated, the picture depicted a sexual act Azizi's girlfriend described in her testimony. Additionally, the record reflects she described the assaults to a nurse who examined her after she was assaulted. The nurse testified at the hearing, and the nurse's records were admitted into evidence without objection. Because the picture presented nothing new, we conclude its admission did not substantially affect Azizi's rights. *See*, *e.g.*, *Rene v. State*, 376 S.W.3d 302, 307-08 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (any error in admission of printouts of pictures from MySpace website, admitted to show gang affiliation and signs, harmless where other pictures showing tattoos with such signs and other emblems of gang membership admitted without objection). We decide Azizi's second issue against him.

## MODIFICATION OF JUDGMENT

Azizi's final issue concerns the judgment's recitals. Specifically, he complains of the recital that he pleaded true to the allegations in the State's motion to adjudicate and the recital that he violated the terms and conditions of community supervision as set out in the State's motion to adjudicate. Because he pleaded true to only two of the six violations asserted by the State and because the State struck the allegations that he violated conditions (k), (l), and (n), he asserts the judgment should be modified. The State agrees.

We have the power to modify the trial court's judgments when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-

28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.-–Dallas 1991, pet. ref'd).  Accordingly, we modify the judgment to show Azizi pleaded true to the allegations that he violated conditions (g) and (h) and not true to the allegation that he violated condition (a).  We further modify the judgment to show the trial court found Azizi violated conditions (a), (g), and (h) of the conditions of community supervision.

As modified, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47

131266F.U05

/Linda Thomas/
LINDA THOMAS
CHIEF JUSTICE, Retired



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALIREZA DJANGHUR AZIZI, Appellant

No. 05-13-01266-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1100270-J.
Opinion delivered by Chief Justice Thomas,
Ret.; Justices Fillmore and Schenck,
participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to reflect, in the section entitled "Plea to Motion to Adjudicate," as follows:

True to conditions (g) and (h); not true to condition (a).

We further **MODIFY** the trial court's judgment to reflect on page 2, in the paragraph concerning the trial court's findings, as follows:

(5) While on community supervision, Defendant violated the terms and conditions of community supervision by violating conditions (a), (g), and (h).

As **MODIFIED**, we **AFFIRM** the trial court's judgment.

Judgment entered April 20, 2015.