ACCEPTED
06-15-00076-cr
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/26/2015 5:55:41 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00076-CR

_____

TO THE SIXTH COURT OF APPEALS (Texarkana)

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/26/2015 5:55:41 PM
DEBBIE AUTREY
Clerk

JUSTIN DAVID OWENS,

Appellant.

v.

THE STATE OF TEXAS,

Appellee,

_____

BRIEF PURSUANT TO *ANDERS V. CALIFORNIA*

_____

APPEAL FROM THE 4TH DISTRICT COURT,
RUSK COUNTY, HENDERSON, TEXAS
the Honorable J. Clay Gossett Presiding Judge

_____

MITCH ADAMS
Mitch Adams, Attorney at Law
216 West Erwin Street, Suite 350
Tyler, Texas 75702
Ph:  903-630-7444
Fx:  903-471-0147
SBN 24006737
mitchadams@mitchadamslaw.com

Attorney for Appellant
JUSTIN DAVID OWENS

_____

Appellant does not request oral argument.

# LIST OF PARTIES AND COUNSEL

<u>Appellant</u>
Mr. Justin David Owens (#02001234)
Bradshaw Unit
P.O. Box 9000
Henderson Texas 75653-9000

<u>Counsel for Appellant in Trial Court</u>
Honorable  Clifford Jessup
Attorney at Law
2393 H. G. Mosley
Building 3, Suite 103
Longview, Texas 75604
Ph:  903-215-8600
SBN 24074489

<u>Counsel for Appellant on Appeal</u>
Honorable Mitch Adams
Mitch Adams, Attorney at Law
216 West Erwin Street, Suite 350
Tyler, Texas 75702
Ph:  903-630-7444
SBN 24006737

<u>Counsel for State of Texas in Trial Court</u>
Honorable Zach Wavrusa  (SBN 24072898) and
Honorable Richard Kennedy (SBN 11296850)
Assistant Criminal District Attorneys
Rusk County District Attorney's Office
Rusk County Courthouse
115 North Main Street, 3rd Floor
Henderson Texas 75652
Ph:  903-657-2265

<u>Counsel for State of Texas on Appeal</u>
Honorable Zach Wavrusa  (SBN 24072898) and
Assistant Criminal District Attorneys

Rusk County District Attorney's Office
Rusk County Courthouse
115 North Main Street, 3rd Floor
Henderson Texas 75652
Ph:  903-657-2265

<u>Trial Judge</u>
Honorable J. Clay Gossett
Presiding Judge, 4th District Court
Rusk County Courthouse
115 North Main Street, 3rd Floor
Henderson, Texas 75652

# TABLE OF CONTENTS

**Table of Contents**

LIST OF PARTIES AND COUNSEL ....................................................................... i

TABLE OF CONTENTS..................................................................................iii

TABLE OF AUTHORITIES ............................................................................ iv

STATEMENT OF THE CASE............................................................................ vi

ISSUES PRESENTED....................................................................................vii

STATEMENT OF FACTS ................................................................................ 1

SUMMARY OF ARGUMENT............................................................................2

ARGUMENTS ............................................................................................ 3

CONCLUSION AND PRAYER FOR RELIEF........................................................ 17

CERTIFICATE OF COMPLIANCE .................................................................... 18

CERTIFICATE OF SERVICE FOR BRIEF.......................................................... 19

# TABLE OF AUTHORITIES

**CASES**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)
vii, 2, 3

*Bradfield v. State*, 42 S.W.3d 350 (Tex.App.—Eastland 2001, *pet. ref'd*)  13

*High v. State,* 573 S.W.2d 807 (Tex.Crim.App. 1978)  vii, 3, 4

*Hobbs. v. State*, 359 S.W.3d 919 (Tex.App. -- Houston [14th Dist.] 2012)  6

*Jackson v. State*, 680 S.W.2d 809 (Tex.Crim.App. 1984)  14

*Mays v. State*, 904 S.W.2d 920 (Tex.App.—Fort Worth 1995, *no pet.*)  vii, 4

*Pollard v.* State, 2012 WL 5447955, 2012 Tex. App. LEXIS 9306 (Tex.App.—Fort Worth #02-11-00496-CR, #02-11-00497-CR, #02-11-00498-CR, #02-11-00499-CR, #02-11-00500-CR, 11/8/2012, *no pet.*, Not Designated for Publication)  14

*Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1978)  4

*Weir v. State*, 278 S.W.3d 364 (Tex.Crim.App. 2009)  15

**STATUTES**

Texas Code of Criminal Procedure, Article 13.18    5

Texas Code of Criminal Procedure, Article 4.01    5

Texas Code of Criminal Procedure, Article 4.05    5

Texas Code of Criminal Procedure, Article 37.04    8

Texas Code of Criminal Procedure, Article 36.13    9

Texas Penal Code § 12.33    13, 15

Texas Penal Code § 22.02    1, 10, 13, 15

Texas Penal Code § 22.01    10

Texas Rules of Appellate Procedure, Rule 44.2    6

U.S. Constitution, Amend. VIII    14

## STATEMENT OF THE CASE

This case involves a criminal prosecution for aggravated assault with a deadly weapon. (CR:5).  Mr. Emmitt pleaded not guilty, and a jury trial was held April 20 – 21, 2015.  The jury found Appellant guilty (CR:55).  Appellant elected to have the jury assess his sentence (CR:33).  After the punishment phase of the trial, the jury sentenced Appellant to three (3) years confinement in the Texas Department of Criminal Justice – Institutional Division, and no fine (CR:53).

A Notice of Appeal was timely filed on May 13, 2015 (CR:75), and the trial court certified Mr. Emmitt' right to appeal on June 22, 2015 (CR:76).

## ISSUES PRESENTED

No issues are presented for review. This brief is submitted to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *High v. State,* 573 S.W.2d 807 (Tex.Crim.App. 1978), and *Mays v. State*, 904 S.W.2d 920 (Tex.App.—Fort Worth 1995, *no pet.*).

## STATEMENT OF FACTS

Justin David Owens ("Appellant") was indicted for aggravated assault with a deadly weapon, in violation of TEX. PEN. CODE § 22.02. (CR:5).

Prior to trial beginning, Appellant's retained counsel urged his Motion to Withdraw as Counsel. (CR:40-41) (RRII:3-4). The Court denied the Motion to Withdraw. (RRII:4). Counsel filed an election as to punishment to have the jury assess punishment in the event of a conviction. (CR:33).

On April 20, 2015, Appellant's trial began with jury selection. (RR II: 1-51). Trial began and concluded on April 21,2015. (RR III:1-121). The jury found Appellant guilty of aggravated assault with a deadly weapon. (CR:55). Following a jury trial for sentencing, the jury sentenced Appellant to three years confinement in the Texas Department of Corrections – Institutional Division, with no fine. (CR:53).

A Notice of Appeal was timely filed on May 13, 2015 (CR:75), and the trial court certified Mr. Emmitt' right to appeal on June 22, 2015. (CR:76).

## SUMMARY OF THE ARGUMENTS

This brief is submitted for the purpose of compliance with the requirements of *Anders v. California, supra*, and related cases.

## ARGUMENTS

### 1. The *Anders* Brief

In the case of *Anders v. California, supra,* the United States Supreme Court set forth the standard for cases in which an appellant's counsel deems the appeal to be " frivolous":

> Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders v. California, supra,* 386 U.S. at 744, 87 S.Ct. at 1400.

In *High v. State, supra*, the Texas Court of Criminal Appeals elaborated on these requirements, stating that the trial court makes the initial determination regarding the sufficiency of counsel's *Anders* brief (see *High v. State, supra,* 573 S.W.2d at 808), and further stating:

As applied to Texas procedure, court-appointed counsel should, in his brief, refer to anything in the record that might arguably support the appeal and make ready references to the record and legal authorities in order to assist the trial court, in the first instance, to determine whether a new trial should be granted. . . . If the trial court finds any of the legal points arguable on their merits, and therefore not frivolous, it must, prior to decision, afford the indigent the assistance of counsel in order to argue those points.

*High v. State, supra,* 573 S.W.2d at 811. With regard to the contents of the *Anders* brief, the Court stated:

we recognize that there are cases in which counsel cannot, in good faith, advance any arguable grounds of error. However, in those instances, we require the brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.

*High v. State, supra,* 573 S.W.2d at 812. The *Anders* brief should contain "ready references not only to the record, but also to germane legal authorities." *Mays v. State, supra,* 904 S.W.2d at 922. Further, the briefing attorney "should educate the reviewing court with all the salient facts and the relevant legal authorities, and present and analyze the critical issues in the case." *Id.* Finally, the Court of Criminal Appeals has held that if arguable grounds for appeal are found, a new defense counsel should be appointed to represent the appellant. *Stafford v. State*,

813 S.W.2d 503, 511 (Tex.Crim.App. 1978).

## 2. Jurisdiction and Venue

Jurisdiction for felony offenses lies in the district courts and the criminal district courts. TEX. CODE CRIM. PROC. ART. 4.01 and 4.05. This case was tried in the 4th District Court, Rusk County, Texas (CR:1), which has jurisdiction for felony offenses. Thus, jurisdiction was proper.

Aggravated assault with a deadly weapon is not one of the offenses for which venue is specifically stated in Chapter 13 of the Texas Code of Criminal Procedure. Therefore, venue is proper in the county in which the offense was committed. TEX. CODE CRIM. PROC. ART. 13.18. The indictment alleges that the offense was committed "in the County of Rusk," in Texas. (CR:5). The trial testimony of the victim, Artie Lee Jones, established that the offense occurred in Rusk County, Texas. (RRII:17). Therefore, venue was proper in Rusk County. In addition, Rule 44.2(c) of the Texas Rules of Appellate Procedure provides that the court of appeals must presume that venue was proved in the trial court unless venue was disputed in the trial court or the record affirmatively shows that venue was not proven. TEX. R.

APP. PROC. 44.2(c)(1). The record does not indicate that venue was disputed or unproven in this case.

## 3. Adverse Pre-Trial Rulings

Appellant's trial counsel filed and urged a Motion to Withdraw as Counsel prior to voir dire, citing Appellant's failure to meet his contractual obligation with trial counsel (financial), and a disagreement between counsel and Appellant over trial strategy. (CR:40) (RR II:3-4). The Court denied the Motion. (RR II:4). Aside from trial counsel's explanation on the record for filing his Motion to Withdraw, no other evidence was provided to establish a conflict of interest between trial counsel and Appellant.

Where the record contains no evidence to support a grievance or conflict of interest, the trial court acts within its discretion and does not err in denying a motion to withdraw. *Hobbs v. State*, 359 S.W.3d 919 (Tex. App. – Houston [14th Dist.] 2012). Accordingly, the Court did not abuse its discretion in denying trial counsel's Motion to Withdraw, and no error was committed.

## 4. Adverse Trial Rulings

During the guilt/innocence phase of trial, the State called four fact

witnesses. (RR III:13, 24, 35, 38). Of those four fact witnesses, one was excluded from testifying after voir dire because of the spousal immunity privilege. (RR III:35-37). Trial counsel cross-examined each of the State's remaining three fact witnesses. No objections to preserve error were made for the record concerning the testimony of the witnesses. Also during the testimony of its three fact witnesses, the State introduced 30 exhibits, photographs, showing property damage and bodily injuries. (RR IV:27, 45). The exhibits were admitted without objection. (RR III:27, 45). No error was preserved for review.

At the close of the State's case, trial counsel moved for a directed verdict, which the Court denied. (RR III:70). In his oral motion for a directed verdict, trial counsel was not able to cite any specific basis for such. (RR III:70).

**5. Jury Selection**

During voir dire, three veniremen were examined in individual voir dire. (RR II:41-46). The first venireman was excused for cause by agreement of both parties. (RR II:43). The second venireman was excused for cause on motion by the State, with no objection from

Appellant's counsel.  (RR II:45).  The third venireman was excused for cause on motion by Appellant's trial counsel, with no objection from the State.  (RR II:46).  No circumstances arose wherein Appellant's counsel was forced to use a strike on a member of the venire panel because a challenge for cause was denied.  No issue of reviewable error is presented for jury selection.

## 6.  Sufficiency of the Guilty Verdict and Sentence

### A.  Article 37.04

Texas Code of Criminal Procedure Article 37.04 states the following:

> When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk.  If in proper form an no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

TEX. CODE CRIM. PROC. ART. 37.04.

The jury rendered a guilty verdict at the conclusion of evidence at the guilt/innocence stage of the trial.  (CR:55)  (RR III:90).  Prior to the submission of the case to the jury, the Court provided the jury with the

jury instructions on the law governing the case.  (CR:48)  (RR III:73).

No objections to the contents, form, or substance of the Court's

charge was made by either Appellant's counsel or counsel for the

State.  (RR III:71).

### B.  Article 36.13

Article 36.13 of the Texas Code of Criminal Procedure states in

relevant part:

> . . . [T]he jury is the exclusive judge of the facts, but it is
> bound to receive the law from the court and be governed
> thereby.

TEX. CODE CRIM. PROC. ART. 36.13.  Here, the jury received the applicable

law, in the form of jury instructions for both the guilt/innocence and

punishment phases, from the Court, without objection to the substance or

content thereof from defense counsel.  (CR:48, 57) (RR III:71, 104).

### 7.  Sufficiency of the Indictment and Evidence of Guilt

The indictment in Appellant's case alleges that he

> . . . on or about the 15th day of September, 2014, and before the
> presentment of this indictment, in the County of Rusk, State of
> Texas, did then and there intentionally, knowingly, or recklessly
> cause bodily injury to Artie Lee Jones by ramming the
> defendant's vehicle into a vehicle operated by the said Artie
> Lee Jones, and during the course of committing the offense, the

defendant did then and there use and exhibit a deadly weapon, to wit: an automobile, that in the manner of its use and intended use, was capable of causing serious bodily injury and death . . . .

(CR:5)

Texas Penal Code § 22.02 defines the offense of aggravated assault.

That statute states, in relevant part:

(a)    A person commits an offense if he commits an assault as defined in Section 22.01, and the person he: . . . (2) uses or exhibits a deadly weapon during the commission of the assault.

Texas Penal Code § 22.01, which defines the offense of assault, states, in relevant part:

(a)    A person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another . . . .

Thus the elements of the offense of aggravated assault with a deadly weapon as alleged in Count 1 are:

(1)    that the defendant cause bodily injury to another, and

(2)    the defendant acted with intent to cause bodily injury, with knowledge that he would cause bodily injury, or with recklessness concerning whether he would cause bodily injury, and,

(3)    the defendant used or exhibited a deadly weapon during the

alleged assault.

The indictment in Appellant's case alleges each of these elements. (CR:5). Thus, the indictment sufficiently alleged the offense of aggravated assault with a deadly weapon.

Artie Lee Jones testified that Appellant drove his pickup truck into his (Jones') minivan on September 15, 2014, in Rusk County. (RR III:17-18). Mr. Jones also testified that he suffered injuries caused by Appellant's actions. (RR III:20). Appellant's trial counsel thoroughly cross-examined Mr. Jones. (RR III:20-23, 24).

Justin Walker testified that, as an investigator with the Rusk County Sheriff's Office, he interviewed Artie Lee Jones the day following the assault. (RR III:26). He stated that he took photographs of Jones' injuries and interviewed him about the assault. (RR III:26)

Rusk County Deputy Sheriff Kevin Roy testified at Appellant's trial. (RR III:38-70). He testified that he responded to the scene of the aggravated assault after it happened, and that it occurred in Rusk County, Texas. (RR III:40). He learned that Appellant had rammed his vehicle into the vehicle that Artie Lee Jones was driving. (RR III:41). He stated that a

vehicle can be used as a deadly weapon under the right circumstances. (RR III:44). Deputy Roy took photographs of the damage done to Mr. Jones' vehicle when Appellant drove his pickup truck into it. (RR III:45).

The testimony of the three State's witnesses showed that the Appellant 1) caused bodily injury to Artie Lee Jones, 2) by acting with the intent to cause Mr. Jones bodily injury, by acting with the knowledge that his actions would cause Mr. Jones bodily injury, or acted with recklessness concerning whether he would cause Mr. Jones bodily injury, and 3) used a deadly weapon, his pickup truck, during the assault.

## 8. Trial Counsel's Objection(s) to Fundamental Error

The trial transcript and Clerk's Record do not show any fundamental error(s) to which Appellant's trial counsel could or should have objected.

## 9. Adverse Rulings During Punishment Phase

In the punishment phase of trial, Appellant's trial counsel called two witness; Appellant's mother, Dodie Owens (RR III:94-99), and Appellant's older brother, Jerry Owens (RR III:99-103). Both witnesses testified in favor of a lenient sentence from the jury for Appellant. State's trial counsel did not make any objections to Appellant's trial counsel's questions of

either witness, or to their responses.  After both sides rested and closed at the punishment phase, the jury deliberated and returned with a sentence of three years confinement in the Texas Department of Corrections – Institutional Division, with no fine.  (RR III:117).

The Court did not make any adverse rulings to the defense during the punishment phase of trial.  No error was preserved or presented for review from the punishment phase of the trial.

## 10.  Legality of the Sentence

### A.  Prison Sentence

Based on the evidence presented by the State at trial, Appellant was convicted of aggravated assault with a deadly weapon, and was subject to a sentence of two years to 20 years in prison. (CR:5).  TEX. PEN. CODE §§ 22.02 and 12.33.  The jury sentenced him to three years in prison. (CR:69) (RR III:117).  Since this sentence was within the statutory range of two years to 20, his sentence was legal. See *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex.App.—Eastland 2001, *pet. ref'd*) ("A penalty within the range of punishment established by the legislature will not be disturbed on appeal."); see also, *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984).

On the other hand, the Second Court of Appeals (from which this case was transferred) has implied that a sentence might be reviewable for an abuse of discretion based upon the Eighth Amendment's prohibition against cruel and unusual punishment. *Pollard v.* State, 2012 WL 5447955, at *1, 2012 Tex. App. LEXIS 9306 (Tex.App.—Fort Worth #02-11-00496-CR, #02-11-00497-CR, #02-11-00498-CR, #02-11-00499-CR, #02-11-00500-CR, 11/8/2012, *no pet.*, Not Designated for Publication); U.S. Constitution, Amend. VIII. In *Pollard*, the Court stated, "In general, when the sentence imposed is within the proper range of punishment, the trial court has a great deal of discretion and the sentence will not be disturbed on appeal," and then held that the trial court did not abuse its discretion in sentencing the appellant to 75 years in prison. *Pollard v. State, supra*, 2012 WL 5447955 at *1-2.

In Appellant's case, I believe challenging the sentence as a violation of the Eighth Amendment's prohibition of cruel and unusual punishment would be frivolous, in view of the nature of the offense, the severity of the victim's injuries, and the fact that Appellant received far less than the

maximum prison sentence permitted by statute. Texas Penal Code §§ 22.02 and 12.33.

Based on the foregoing, I believe it would be frivolous to argue that the trial court abused its discretion by imposing a sentence of sixteen years in prison in this case.

## B. Court Costs

The trial court's judgment includes $409.00 in court costs. (CR:71) Those costs are supported by a Bill of Cost which is part of the Clerk's Record. (CR:71) Those costs do not include attorney's fees. (CR:71) Even though the court costs were not announced as part of the sentence in open court, the Court of Criminal Appeals has held that no such announcement is necessary before including those costs in the court's judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009) (court costs are not punitive, and therefore may be included in the written judgment even if not announced as part of the sentence in open court). Therefore, the trial court did not err by including these costs in its judgment.

## 11. Judgment Accurately Reflects Sentence

The Trial Court's Judgment reflects that Appellant was found guilty of

aggravated assault, with a finding of true for a deadly weapon. The Judgment also states that Appellant was sentenced to three years imprisonment in the Texas Department of Corrections – Institutional Division, with no fine. (CR:69). This corresponds with the jury's verdict following the guilt/innocence phase (RR III:90), and its sentence at the conclusion of the punishment phase of the trial. (RR III:117,119).

## 12. Effective Assistance of Counsel

Appellate counsel has fully and thoroughly examined the trial transcript and Clerk's Record. No evidence of ineffective assistance of counsel is present in the record. Trial counsel thoroughly and diligently cross-examined each of the State's witness at the guilt/innocence phase of the trial, and presented witness testimony on Appellant's behalf at the punishment phase that convinced the jury to hand down a light sentence; only one year more than the minimum mandated by law. Accordingly, Appellant received effective assistance of counsel at trial.

**CONCLUSION AND PRAYER FOR RELIEF**

Based on the foregoing discussion, and after a conscientious examination of the appellate record and relevant case law, I believe that any issue that could be raised in this case would be wholly frivolous, and I therefore request this Honorable Court's permission to withdraw as counsel for Appellant.

I therefore respectfully pray that this Honorable Court would grant my Motion for Withdrawal of Counsel and relieve me from further responsibility in this case.

Respectfully submitted,


/S/ *Mitch Adams*
MITCH ADAMS
Mitch Adams, Attorney at Law
216 West Erwin Street, Suite 350
Tyler, Texas 75702
Ph:  903-630-7444
Fx:  903-471-0147
SBN 24006737
mitchadams@mitchadamslaw.com

Attorney for Appellant
JUSTIN DAVID OWENS

# CERTIFICATE OF COMPLIANCE

Per Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that the foregoing brief contains 3901 words—exclusive of those portions which are excludable per Texas Rule of Appellate Procedure 9.4(i)(1)—based on the word count of Microsoft Word word-processing software, which was used to prepare this document. I further certify that the document uses the Arial 14-point font.

/S/ *Mitch Adams*
MITCH ADAMS
Attorney for Appellant,
JUSTIN DAVID OWENS

# CERTIFICATE OF SERVICE FOR BRIEF

As Attorney for the Appellant, JUSTIN DAVID OWENS, I certify that a true and correct copy of the foregoing brief was delivered to the counsel listed below, at the address indicated, on August 26, 2015, by eFile service.

<u>Counsel for the State of Texas</u>
Rusk County District Attorney's Office
Rusk County Courthouse
115 North Main Street, Suite 302
Henderson, Texas 75652

And I further certify that a true and correct copy of the foregoing brief was mailed via first-class certified U.S. mail, return receipt requested, to the party listed below, at the address indicated, on August 26, 2015.

<u>Appellant</u>
Mr. Justin David Owens (#02001234)
Bradshaw Unit
P.O. Box 9000
Henderson, Texas 75653-9000

/S/ *Mitch Adams*
MITCH ADAMS
Attorney for Appellant,
JUSTIN DAVID OWENS