**Affirmed and Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-17-00253-CR
NO. 14-17-00254-CR
NO. 14-17-00255-CR

**AIMEE CHARLENE ORGO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause Nos. 15CR2803, 15CR2806, 16CR0162**

## O P I N I O N

Appellant Aimee Charlene Orgo appeals her convictions on two counts of sexual assault of a child and one count of sexual performance of a child. Appellant pleaded guilty to all three charges, and a jury assessed her punishment at 20 years' incarceration for each of the sexual-assault offenses and 12 years' incarceration for the sexual-performance-of-a-child offense. In a single issue, appellant contends that

the trial court erred in failing to conduct a hearing or otherwise adequately inquire regarding whether there was a conflict of interest between appellant and her trial counsel. Concluding that the trial court conducted a sufficient inquiry regarding potential conflicts, we affirm.

## *Background*[1]

The trial court held a hearing on appellant's pro se motion to dismiss her appointed lawyer five days before her trial was set to begin. In her motion, appellant specifically complained that her counsel had been unable to find a court date posted on a website, lacked knowledge of probation programs, had been unable to negotiate a plea deal, was slow to return communications, had an inconsistent strategy, and disagreed with appellant regarding strategy. During the hearing on the motion, appellant explained that she felt that her counsel had waited too long to prepare with her for trial, took weeks at a time to respond to messages, failed to know when a particular court date was, even though her family was able to find that information on the internet, and gave inconsistent advice regarding whether she should accept a plea bargain or proceed to trial. She further complained regarding counsel's apparent lack of concern regarding the forfeiture of her bond. She said that counsel's alleged delinquency in preparing her for trial led her to have a "nervous breakdown."[2] She requested that the court dismiss her counsel and appoint new counsel.

Appellant's counsel told the trial court that he normally does not prepare for trial until about ten days before a trial setting and that he did not need months to prepare a case for trial. He further stated that he had met with appellant previously

---

[1] Because the facts of the underlying offenses play no role in the analysis of the issue raised in these appeals, we will not recount them in this opinion.

[2] Appellant apparently checked herself into a Veterans Administration mental health facility and this action allegedly led to her bond forfeiture.

and saw her at every hearing date except the one date that occurred while appellant was in the hospital. Counsel also explained the steps that he took regarding the bond forfeiture but admitted that his efforts had been insufficient to sway the court. The trial court denied appellant's motion.

Five days later, appellant's jury trial began. During a pretrial discussion, appellant's counsel informed the court that appellant was "still trying to fire [him], made some sort of report somewhere [and] believes [they had] a conflict of interest." When the judge asked appellant about it, she responded that "[d]ue to the denial of my petition, my family[,] who has my power of attorney, filed a complaint with the Texas Bar against [defense counsel,] creating an immediate conflict of interest." The trial judge indicated that appellant could not create her own conflict of interest by filing a bar grievance. Appellant identified no other new issue with her attorney.

Later, when the judge was taking appellant's plea to the charges, the judge asked appellant whether she had discussed with her attorney the range of punishment and the fact that she was pleading guilty and requesting a jury to assess punishment. After appellant answered affirmatively, the judge further asked whether she was satisfied with her attorney's representation, and she replied, "Not truly, Your Honor." The judge responded, "Okay, then there is no plea agreement on this," and suggested that they could proceed to trial on both guilt/innocence as well as punishment. When the prosecutor then asked if they could also try appellant for a fourth charged offense, one that was not part of the parties' agreement to consolidate, defense counsel said that he could not agree to that and asked permission to speak with his client in private.

After a brief recess, the following exchange occurred:

THE COURT: Okay, we're back on the record. Anything new?

[DEFENSE COUNSEL]: Yes, Your Honor. If I may ask my client a

3

couple of questions.

THE COURT: Sure.

[DEFENSE COUNSEL]: Ms. Orgo, would you like to proceed with our original trial strategy which was to plead guilty to the three cases that are consolidated . . . ? And, if so, are you satisfied with my representation in regard to that strategy?

THE DEFENDANT: Yes.

[DEFENSE COUNSEL]: You're Honor, we would ask that we plea.

THE COURT: So you want to stick with the original agreement to consolidate . . . ?

[DEFENSE COUNSEL]: Yes . . . .

THE COURT: Now, Ms. Orgo, I guess what you're saying is that while you may have some differences of opinion with your attorney . . . , the general strategy that he is trying the case under you're in agreement with; is that right?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Well, then I'll let y'all stick with the original agreement to consolidate . . . .

Appellant then pleaded guilty to the three consolidated offenses, and trial commenced on punishment.

Appellant argues in this appeal that the trial court should have inquired further regarding the alleged conflict of interest appellant raised on the day trial began. She further alleges that the trial court essentially coerced her into stating that she was satisfied with defense counsel's strategy by threatening her with trial on a fourth charged offense if she did not indicate satisfaction with counsel.

*Discussion*

**Standards of review.** The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel, which includes the right to conflict-free representation. *See, e.g., Cuyler v. Sullivan*, 446 U.S. 335, 348–50 (1980); *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997); *Goody v. State*, 433 S.W.3d 74, 79 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). A conflict of interest exists if counsel is required to make a choice between advancing the client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of the client's interest. *Monreal*, 947 S.W.2d at 564. To demonstrate a violation of the right to effective assistance of counsel based on an actual conflict of interest, a defendant must prove by a preponderance of the evidence that (1) appellant's counsel had an actual conflict of interest and (2) the conflict actually colored counsel's actions while representing appellant. *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014).

Once a possible conflict of interest is brought to the trial court's attention by a pre-trial motion or trial objection, the court "has the constitutional obligation to . . . take adequate steps to ascertain whether the risk of the conflict of interest is too remote to warrant remedial action." *Dunn v. State*, 819 S.W.2d 510, 519 (Tex. Crim. App. 1991) (citing *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978)). "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with [the accused's] lawyer as such.'" *Wheat v. United States*, 486 U.S. 153, 159 (1988) (quoting *United States v. Cronic*, 466 U.S. 648, 657, n.21 (1984). "[T]he essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom [the defendant] prefers." *Id*. Moreover, a defendant should not be permitted to manipulate her right

to counsel in order to throw the trial process into disarray. *King v. State*, 29 S.W.3d 556, 565–66 (Tex. Crim. App. 2000).

**Analysis.** As stated, appellant complains that the trial judge failed to conduct a hearing or otherwise adequately inquire regarding whether there was a conflict of interest between appellant and her trial counsel when appellant raised the possibility of such a conflict on the day trial began. As set forth above, the trial court held a hearing on appellant's pro se motion to dismiss her appointed counsel just five days earlier. In that hearing, the trial court heard from appellant and considered her position on various complaints before denying the motion. Appellant does not complain on appeal regarding the outcome of that hearing.[3]

The record reflects that appellant's suggestion of a conflict of interest raised on the day of trial was related only to the same complaints she raised in her motion to dismiss. When counsel informed the court on the day trial began that appellant believed there was a conflict, the trial court asked appellant, "Okay. Do you want to go ahead and tell me about it?" Appellant stated that "[d]ue to the *denial of my petition*, my family[,] who has my power of attorney, filed a complaint with the Texas Bar against [defense counsel,] creating an immediate conflict of interest." (Emphasis added). There is no suggestion in the record, or in appellant's briefing, that she filed or the trial court had denied any "petition" or other document other than the motion to dismiss counsel. Therefore, it was reasonable for the trial judge to conclude that the only alleged conflict of interest was based on appellant's family having filed a complaint on her behalf with the State Bar of Texas. As appellant concedes, the mere fact that appellant or her family allegedly had filed a complaint with the State Bar did not by itself create a conflict of interest requiring removal of

---

[3] Appellant asserts there was no hearing on the motion to dismiss. Appellant is mistaken on this point. A supplemental reporter's record of the hearing has been included in our record.

6

counsel. *See Dunn*, 819 S.W.2d at 519; *Owens v. State*, 357 S.W.3d 792, 795 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). To the extent that appellant reurged the issues she had raised in her motion to dismiss, the trial court already had inquired into those issues five days earlier. Having already considered these alleged conflicts in a hearing called for that very purpose, the trial court had no further obligation to consider them again on the day of trial. *See Dunn*, 819 S.W.2d at 519; *see also King*, 29 S.W.3d at 565–66 (explaining that a defendant should not be allowed to manipulate the right to counsel to throw the trial process into disarray).

The trial judge made an adequate inquiry regarding appellant's complaints in her motion to dismiss when the judge held a hearing and provided appellant with an opportunity to express her reasons for dissatisfaction with counsel. The trial judge further adequately inquired regarding the alleged conflict of interest raised just before trial when he asked appellant about the alleged conflict and she responded that her family had filed a complaint with the bar apparently after her motion to dismiss counsel was denied. The trial judge was not required to make further inquiry.

Appellant's assertion that the trial judge coerced her into expressing satisfaction with her trial counsel's strategy to avoid trial on a fourth charge is not relevant to her complaint that the judge failed to adequately inquire regarding the alleged conflict of interest. Disagreements regarding strategy generally do not create conflicts of interest. *See, e.g., United States v. Fields*, 483 F.3d 313, 353 (5th Cir. 2007); *Chavez v. State*, 6 S.W.3d 66, 73 (Tex. App.—San Antonio 1999, pet. ref'd). Moreover, the judge had already made adequate inquiry before the alleged coercion occurred.[4]

---

[4] We need not, and therefore do not, express any opinion regarding appellant's assertion that the trial judge coerced her into expressing satisfaction with her counsel's strategy. We note, however, that when appellant expressed dissatisfaction during plea proceedings, the trial judge merely indicated that without appellant's agreement, there was no plea agreement and they could

Because the trial court adequately inquired into the alleged conflict of interest between appellant and her counsel, we overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Martha Hill Jamison
        Justice


Panel consists of Chief Justice Frost and Justices Christopher and Jamison.
Publish — TEX. R. APP. P. 47.2(b).

---

proceed to trial on both guilt and innocence. It was the State that then indicated a desire to withdraw their agreement to consolidate three offenses and sought to add the fourth offense for trial.