

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00239-CR

**AURELIO HERNANDEZ CRUZ,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

---

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 15,547**

---

## MEMORANDUM OPINION

---

In one issue, Appellant Aurelio Hernandez Cruz challenges his conviction for continuous sexual abuse of a child. We will affirm.

The underlying facts are not at issue. Cruz argues that he was denied due process because the trial court failed "to take remedial action to address a disclosed conflict of interest involving a lead prosecuting attorney and a key witness for the State . . . ." Prior to trial, the State disclosed a relationship between the lead prosecutor in the case and the polygraph examiner who obtained an incriminating statement from Cruz. The State

informed the trial court that the prosecutor had been removed from the case and "walled off" from further participation. The trial court denied Cruz's oral motion to disqualify the district attorney's office.

The polygraph examiner was also a constable who performed bailiff duties for the trial court. The constable was reassigned by the trial court for any proceedings involving Cruz. The trial court granted the State's motion in limine that precluded the defense from mentioning the relationship between the constable and the former prosecutor. The constable testified at trial. The defense did not object to the constable's testimony or to the admission of the video depicting the polygraph interview.

Cruz argues that the trial court was obligated to take remedial action, including granting his request to disqualify the Burleson County District Attorney's office, *sua sponte* prohibiting the constable from testifying, or, at a minimum, holding an evidentiary hearing on the issue of the constable's "potential influence stemming from his romantic involvement" with the former prosecutor, and allowing Cruz to reveal the "exculpatory evidence to the jury through argument and cross-examination." Cruz further argues that the constable's testimony was "critically important to the State" because it offered the only evidence "which removed the case from the typical 'he said, she said' category of sexual assault case which often ends in acquittal."

Cruz identifies no legal authority that would have required the trial court to take "*sua sponte*" action to exclude the constable's testimony. Cruz cites to *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) and *Orgo v. State*, 557 S.W.3d 858 (Tex. App.—Houston [14th Dist.] 2018, no pet.), which are inapposite to the present

case. Both *Holloway* and *Orgo* involve conflicts of interest between a defendant and his trial counsel, not a potential conflict possessed by the prosecutor. Even under those circumstances, neither case mandates that a trial court *sua sponte* take action on a potential conflict without a specific request or objection from the defendant.

Nor has Cruz identified anything in the record that would have required the trial court to take *sua sponte* action. The former prosecutor began working for the Burleson County District Attorney's Office on September 4, 2018—after the indictment was returned against Cruz on April 26, 2018. The date of the constable's interview/polygraph examination of Cruz on November 7, 2017 also predated the former prosecutor's employment with the District Attorney's office. Defense counsel failed to present anything to the trial court regarding the date the relationship between the former prosecutor and the constable began or the exact nature of that relationship. As in *Orgo*, the trial court in this case made an adequate inquiry regarding Cruz's complaints at the pre-trial hearing and provided Cruz the opportunity to present whatever supported his complaints. The trial court further adequately inquired into the potential conflict, receiving assurance that the former prosecutor had been removed from the case. The trial court, without anything further from Cruz, was not required to make further inquiry. *See Orgo*, 557 S.W.3d at 862.

The only issue before this Court, therefore, is whether the trial court erred in denying Cruz's motion to disqualify the district attorney's office.[1]

We review a trial court's ruling on a motion to disqualify a district attorney and/or his staff for an abuse of discretion. *Landers v. State*, 256 S.W.3d 295, 303 (Tex. Crim. App. 2008); *Neville v. State*, 622 S.W.3d 99, 102 (Tex. App.—Waco 2020, no pet.).[2] A trial court abuses its discretion when its decision lies "outside the zone of reasonable disagreement." *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005); *Neville*, 622 S.W.3d at 102. The burden is on the party requesting disqualification to establish that an actual conflict exists. *See Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003).

The office of a district attorney is constitutionally created and protected, and "[a] trial court has limited authority to disqualify an elected district attorney and her staff from the prosecution of a criminal case." *Buntion v. State*, 482 S.W.3d 58, 76 (Tex. Crim. App. 2016). As such, there are only limited instances in which a district attorney or her staff may be disqualified. *Landers*, 256 S.W.3d at 303-04.

Generally, the trial court's authority to disqualify a district attorney in a particular case requires proof that the district attorney has a conflict of interest that rises to the level of a due process violation. *Landers*, 256 S.W.3d at 304. "Prosecutorial misconduct rises to

---

[1] Although not expressed as a separate issue, Cruz complains that the trial court erred in granting the State's motion in limine. This issue was not preserved for appeal as Cruz did not object to the constable's testimony at trial. *See Brock v. State*, 495 S.W.3d 1, 12 (Tex. App.—Waco 2016, pet. ref'd).

[2] Cruz refers at one point to his motion to "recuse" the District Attorney's office. However, recusal and disqualification are not interchangeable, and a trial court cannot require a prosecutor's recusal. *In re Ligon*, 408 S.W.3d 888, 891 (Tex. App.—Beaumont 2013, no pet.). To the extent this is a separate appellate issue, Cruz did not raise it with the trial court, and it has not been preserved for appeal. *See* TEX. R. APP. P. 33.1.

a due-process violation when it is so significant that it deprives a defendant of a fair trial." *Clark v. State*, 365 S.W.3d 333, 338 (Tex. Crim. App. 2012) (citing *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)). A due process violation may arise when a district attorney has a conflict of interest due to previous representation of a defendant. *Landers*, 256 S.W.3d at 304. If the district attorney represented the defendant in the same criminal matter, there exists a due process violation as a matter of law. *Id*. There is no allegation that the District Attorney or the former prosecutor represented Cruz at any time in this criminal prosecution. There is, therefore, no basis for disqualification of the Burleson County District Attorney's Office as a matter of law.

A due process violation may arise if the district attorney represented the defendant in a different matter, but only if the defendant can prove that he was actually prejudiced by the district attorney's prior representation. *Id*. at 304-05. Actual prejudice occurs when the district attorney obtains confidential information by virtue of that representation which may be used to the defendant's disadvantage. *Id*. at 305. Cruz has not alleged that the District Attorney or the former prosecutor previously represented him in any matter, nor has he identified any confidential information that was revealed as a result of the relationship between the former prosecutor and the constable.

There have been instances where courts have deemed a district attorney to have a conflict of interest that rises to the level of a due process violation when the district attorney had a substantial connection to a case that did not arise from prior representation. *See In re State*, 572 S.W.3d 264, 269 (Tex. App.—Amarillo 2018, no pet.) (orig. proceeding) (plurality op. on reh'g). Such potential conflicts may arise when the

district attorney or one of his staff has a financial interest in the prosecution, is a material fact witness, or is the alleged victim of the crime being prosecuted. *See Ligon*, 408 S.W.3d at 896. Cruz has not made any such allegation in regard to the District Attorney or the former prosecutor in this case. Cruz has failed to establish, therefore, that any actual conflict existed that would be a ground for disqualification of the Burleson County District Attorney's Office. *See Buntion*, 482 S.W.3d at 77 ("Appellant has not alleged, and we have not found, that any actual conflict existed. [The District Attorney] did not previously represent appellant, nor did any of her staff. Thus, appellant fails to show any conflict which this Court has previously found as grounds for disqualification.").

Assuming without deciding that the relationship between the former prosecutor and the constable represents a "substantial connection" to the case, Cruz did not articulate to the trial court, or to this Court, how that relationship actually prejudiced his prosecution. While Cruz asserts that the constable was a "critical" witness, the testimony of the victim was sufficient to support Cruz's conviction. *See Cervantes v. State*, 594 S.W.3d 667, 673 (Tex. App.—Waco 2019, no pet.).

Based upon the information before it, the trial court did not abuse its discretion in denying Cruz's motion to disqualify, particularly in light of the fact that the former prosecutor was removed from Cruz's case. We overrule Cruz's sole issue and affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Davis[3]
Affirmed
Opinion delivered and filed August 25, 2021
Do not publish
[CR25]



---

[3] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.