**Abated, Remanded, and Opinion filed August 26, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00679-CR

### JESSE STEVEN CASTRO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1555464**

## ABATEMENT ORDER

Appellant Jesse Steven Castro's trial attorney was charged with two felony offenses while appellant's case was pending. Trial counsel's cases were initially assigned to the same court as appellant's case but were then transferred to another court. Appellant's case proceeded to trial, and a jury convicted appellant of continuous sexual abuse of a child. Appellant filed a motion for new trial in which he asserted that he received ineffective assistance of counsel because his attorney

failed to disclose and was distracted by her pending charges, failed to investigate his case and properly prepare for his trial, and prioritized her financial interest in representing appellant above a fiduciary duty to disclose her pending charges. Concluding that appellant was entitled to a hearing on his motion for new trial, we abate the case and remand for the trial court to hold a hearing.[1]

### *Background*

Appellant hired Jana Lewis-Perez to represent him in this case. Lewis-Perez was then indicted for two felony insurance fraud offenses. Her cases were assigned to the same trial court in which appellant's case was pending but were transferred to another trial court on the basis that Lewis-Perez "represent[ed] a defendant in the same court." Appellant's case proceeded to trial. After the jury returned its guilty verdict, it assessed punishment at 38 years' confinement.

Appellant filed a timely motion for new trial and requested a hearing, asserting that he received ineffective assistance of counsel based, in relevant part, on a purported conflict of interest because of Lewis-Perez's pending charges. Appellant submitted an affidavit in which he attested, among other things:

> I did not know that my attorney had a felony case pending against her while my trial was pending. I would not have hired her if I would of known that she was indicted for fraud. I think that she was distracted and not prepared for my trial because she had her own case pending.

Appellant also attached copies of the two indictments presented by the grand jury to the trial court against Lewis-Perez. The trial court overruled the motion for new

---

[1] *See Walker v. State*, No. 14-18-00601-CR, 2020 WL 3892756, at *1 (Tex. App.— Houston [14th Dist.] Mar. 17, 2020, pet. dism'd) (abatement order).

trial without a hearing.[2]

## *Discussion*

Appellant contends that he received ineffective assistance of counsel based on his counsel's failure to inform him of the pending charges against her. Appellant also argues that the trial court abused its discretion by denying his motion for new trial alleging ineffective assistance of counsel without first holding an evidentiary hearing. Because we conclude that appellant was entitled to a hearing on his motion for new trial, we do not address whether the trial court abused its discretion in determining that appellant did not receive ineffective assistance.[3]

## I.    Issue Not Waived

The State asserts that appellant waived this issue by failing to obtain the court's ruling on his request for a hearing. Appellant mistakenly states in his opening brief that the motion was denied by operation of law. However, the clerk's record was later supplemented to reflect the trial court's "Order on Presentment" overruling the motion "without a hearing." Accordingly, the trial court ruled on appellant's request for a hearing, and this issue is preserved for our review. *See Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014) (acknowledging to preserve error on request for a hearing on a motion for new trial, defendant or attorney must take steps to put trial court on notice that defendant wants a hearing

---

[2] In his opening brief, appellant incorrectly stated that the trial court allowed the motion to be denied by operation of law. A supplemental clerk's record was later filed showing that the trial court signed an "Order on Presentment" stating the motion was "OVERRULED without a hearing."

[3] Because the trial court could grant a new trial on remand and moot this issue, or evidence related to this issue might be introduced at the hearing, we decline to address whether appellant received ineffective assistance of counsel at this time. *See Walker*, 2020 WL 3892756, at *3 n.3.

and attempt to get a ruling). We turn to the merits of the issue.

## II. Entitlement to Hearing

The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for appeal. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). Such a hearing is not an absolute right. *Id*. To be entitled to a hearing, the movant must raise matters not determinable from the record and also must establish reasonable grounds showing he could be entitled to relief. *Id.* at 339. The motion must be supported by an affidavit specifically setting out the factual basis for the claim. *Id*. Affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed. *Id*.

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Id*. We reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id*. To be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of the trial would have been different. *Id.* at 340-41 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (requiring defendant seeking to challenge counsel's representation to establish counsel's performance was deficient and prejudiced his defense)).

Appellant asserts that his attorney had a conflict of interest between a fiduciary duty to her client to disclose her pending charges and her financial self-interest. Appellant contends this amounted to conflict-of-interest ineffective assistance because his attorney purportedly "put her own interest in getting paid

4

ahead of her client's interest in a fair, reliable trial" and was distracted and unprepared for trial. The Sixth Amendment right to reasonably effective assistance of counsel includes the right to conflict free representation. *Orgo v. State*, 557 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997), and *Goody v. State*, 433 S.W.3d 74, 79 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd)). Our standard for analyzing claims of ineffective assistance of counsel due to a conflict of interest is well established. *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348–50 (1980)). To demonstrate a violation of the right to conflict free representation, a defendant must show that (1) his counsel was burdened by an actual conflict of interest, and (2) the conflict actually colored counsel's actions during trial. *Id*.; *Monreal*, 947 S.W.2d at 564. An "actual conflict of interest" exists if counsel is required to make a choice between advancing her client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of her client's interest. *Odelugo*, 443 S.W.3d at 136.

Keeping these standards in mind, we turn to whether appellant showed his entitlement to a hearing on his motion for new trial by raising matters that are not determinable from the record and establishing reasonable grounds showing that he could potentially be entitled to relief. The parties do not dispute that the indictments against appellant's trial counsel were not in the record. Appellant was also required to establish reasonable grounds showing he could be entitled to relief. According to the State, appellant did not meet this burden because his complaint was supported only by conclusory statements that appellant thought his attorney was distracted and unprepared for trial due to her pending indictments.

Appellant attested that his counsel never called him "except for money" and

5

was "distracted and unprepared because she had her own case pending." We agree that these statements, standing alone, are conclusory and unsupported by facts. *See Smith*, 286 S.W.3d at 339; *see also Harris v. State*, 475 S.W.3d 395, 405 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). But appellant also attested to other facts that, if true, might demonstrate that his attorney was burdened by an actual conflict of interest and the conflict actually colored counsel's actions during trial. He said that "[his] attorney had a felony case pending against her while [his] trial was pending." He also said that his attorney "made no objections" and "hired no investigator." According to appellant, he provided names of people to contact and testify as to his good character, but his attorney never contacted them. Appellant said two witnesses would have testified as to his good and hard-working character and his brother would have testified that appellant was not guilty of the charged offense. Appellant also complained that his attorney did not prepare his mother, his sister, or any of his other family members or friends to testify at his trial. He further asserted that his attorney did not tell him that he had a right to testify at trial and never told him what was happening with his case. These purported facts all support appellant's allegation that counsel was distracted and unprepared for trial because she had her own case pending.

The record reflects that appellant's trial counsel filed pretrial motions, was familiar with relevant statutes and case law, made proper objections throughout trial, cross-examined witnesses, called three witnesses for the defense, and was successful in asking the jury to sentence appellant at the lower end of the punishment range. But appellant's burden to obtain a hearing is only to allege facts sufficient to establish reasonable grounds that the defendant "could potentially be entitled to relief." *See Walker v. State*, No. 14-18-00601-CR, 2020 WL 3892756, at *5 (Tex. App.—Houston [14th Dist.] Mar. 17, 2020, pet. dism'd) (abatement

order). Counsel's purported failures to investigate, interview witnesses and prepare them for trial, and tell appellant he had a right to testify and what was happening with his case are alleged facts from which a trial court could reasonably conclude both that counsel was burdened by an actual conflict of interest which actually colored her actions during trial and that, but for counsel's failure, there is a reasonable likelihood that the outcome of the trial would have been different. *See Odelugo*, 443 S.W.3d at 136; *see also Walker*, 2020 WL 3892756, at *4 (quoting *Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991) ("An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each.")). We conclude that these allegations were sufficient to put the trial court on notice that reasonable grounds for relief could exist based on the argument that defense counsel had an actual conflict of interest and was distracted by her pending indictments, which colored her actions during trial and caused her to fail to investigate appellant's case, interview witnesses and prepare them for trial, and communicate with appellant about his right to testify and what was happening with his case.

Appellant's motion and the attached affidavits show that he has met his burden to establish reasonable grounds that he "could potentially be entitled to relief." *See Walker*, 2020 WL 3892756, at *5. Accordingly, the trial court abused its discretion in not holding a hearing on the motion for new trial.

### *Conclusion*

Appellant was entitled to a hearing on his motion for new trial, so we sustain his issue complaining of the trial court's failure to conduct a hearing. We abate this appeal and remand to the trial court to conduct a hearing on appellant's motion for new trial on or before October 26, 2021. The judge shall see that a record is made

and shall order the court reporter and the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the trial court's signed order ruling on the motion for new trial. Those records shall be filed with the clerk of this court on or before November 26, 2021. *See id*. at *6.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket after the supplemental reporter's and clerk's records are filed. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of the date and time of the hearing. *See id*.

/s/    Frances Bourliot
Justice

Panel consists of Justices Wise and Bourliot and Senior Justice Jamison.

Publish — TEX. R. APP. P. 47.2(b).

8